## THE STATE v. JORDAN.

1. **Intoxicating Liquors:** ABATEMENT OF NUISANCE: COMPENSATION. In an action to abate as a nuisance the unlawful sale of liquors, where the evidence established the unlawful sale of such liquors, but did not show the ownership or sale of *wine* or *beer* by defendant, *held* that no question arose as to the validity of the statute on the ground that it made no provision to compensate her for the wine and beer, and for her property devoted to the sale thereof, which she owned when the law took effect.

2. ———: ———: CONSTITUTIONALITY OF STATUTE. The statute providing for the enjoining as a nuisance the sale of intoxicating liquors is not in conflict with the constitution of the United States on the ground that it denies to the defendant the right of trial by jury, or deprives him of property without due process of law, or authorizes punishment without indictment by a grand jury—following recent cases decided by this court, which are cited in the opinion.

*Appeal from Wapello Circuit Court.*

TUESDAY, OCTOBER 4.

ACTION in chancery to enjoin and restrain defendant from maintaining a nuisance by keeping a place for the unlawful sale of intoxicating liquors. A final decree was entered

granting the relief prayed for in the petition. Defendant appeals.

*John Gibbons* and *J. J. Smith*, for appellant.

*A. C. Sleck*, *W. S. Coen*, and *W. A. Work*, for appellee.

BECK, J.—I. Defendant, in her answer, admits that she owns the property described in the petition, but denies that a nuisance was maintained in it. The evidence presented in the record before us sufficiently establishes the allegations of the petition. We cannot, therefore, interfere with the decree on the ground that the evidence fails to establish it.

II. Counsel for defendant insist that the statute under which this proceeding is based is in conflict with the consti-
**1. INTOXICAT-ING liquors: abatement of nuisance: compensation.** tution of the United States, for the reason that no provision is made therein to compensate defendant for the wine and beer, and for her prop- erty devoted to the sale thereof, which defendant owned when the law took effect. It is sufficient to say that the evidence does not show the ownership or sale of wine or beer by defendant. The question raised by counsel involving her rights as an owner and vendor of wine and beer is not in the case.

III. It is insisted that the statute is in conflict with the constitution of the United States, for the reason that it
**2. ——: ——: constitution-ality of stat-ute.** denies defendant the right of trial by jury, deprives her of property without due process of law, and authorizes punishment without indict- ment by a grand jury. It is sufficient to say, in reply to these objections, that the action is brought in chancery to restrain the maintenance of a nuisance,—a subject of equita- ble cognizance before the statute was enacted,—and that the right to trial by jury in chancery cases is not secured by any constitutional provision. If defendant should, through the exercise of the power of chancery in abating the nuisance which she maintained, be deprived of property, it will be by

due process of law as administered in the courts of chancery. If defendant be fined and imprisoned in the exercise of the same power for contempt in refusing to obey the mandate of the court, it will not be in violation of the constitutional requirements that punishment shall not be inflicted without indictment by a grand jury. The punishment of contempts, whether the proceedings therefor be regarded as criminal or civil, may be had without indictment by a grand jury. These familiar doctrines have been recently recognized by this court. See *Littleton v. Fritz*, 65 Iowa, 488 ; *Martin v. Blattner*, 68 Id., 286 ; *McLane v. Leicht*, 69 Id., 401 ; *Jordan v. Wapello Circuit Court*, Id., 177 ; *Manderscheid v. Plymouth District Court*, Id., 240.

In our opinion the decree of the circuit court ought to be

