[L. A. No. 769.    Department Two. — March 14, 1901.]

THE PEOPLE ex rel. STATE BOARD OF HARBOR COMMISSIONERS FOR BAY OF SAN DIEGO, Appellants and Respondents, v. JOSEPH MULLENDER, Respondent and Appellant.

EJECTMENT — TIDE-LANDS IN SAN DIEGO BAY — ACTION BY HARBOR COMMISSIONERS — DAMAGES. — Under the act of March 18, 1889 (Stats. 1889, p. 305), establishing a board of state harbor commissioners for the Bay of San Diego, such commissioners are entitled to maintain an action of ejectment to recover the possession of tide-lands in that bay, and in the action are entitled to recover damages for the unlawful withholding of such possession.

ID. — CONSTITUTIONALITY OF STATUTE — TITLE OF ACT CREATING HARBOR COMMISSIONERS — LIBERAL CONSTRUCTION. — The question whether the act of 1889, purporting in its title to add thirty-four enumerated sections to the Political Code, " all relating to the establishment of a board of state harbor commissioners for the Bay of San Diego," is a sufficient compliance with section 24 of article IV of the constitution, is one of construction, which should be liberal, with a view to supporting the statute. Under such construction, sections 2578 and 2579, authorizing the commissioners to institute an action for the possession of any portion of the entire Bay of San Diego, of which they are given the possession and control, are within the title of the act.

ID. — SPECIAL LEGISLATION — LOCAL BOARD — APPLICABILITY OF GENERAL LAW — JUDGMENT OF LEGISLATURE. — The act establishing state harbor commissioners for the Bay of San Diego is both local and special; but its constitutionality depends only on the question whether " a general law can be made applicable," within the meaning of section 25 of article IV of the constitution. The constitution submitted that question to the judgment of the legislature, which might properly determine that laws suitable and adapted to

one harbor would not be suitable and adapted to another, of different size and importance. The court cannot say that the legislature abused its discretion, or violated that provision of the constitution.

Id. — Power of Court over Judgment of Legislature — Question not Decided — Possibility of General Law. — Whether the court could in any conceivable case, presenting a flagrant abuse of discretion on the part of the legislature in determining that a general law could not be made applicable, declare a local law invalid, as contrary to that provision of the constitution, is not decided. But such law cannot be held invalid merely because, in the opinion of the court, it would have been possible to have framed a general law under which the same purpose could have been accomplished.

Id. — Complaint of Harbor Commissioners — Specification of Use of Premises. — In the complaint of the harbor commissioners, in the action of ejectment, it was not necessary to specify the use to which the commissioners propose to put the premises when recovered. That question does not concern a defendant who has no right to the possession or control of the property.

Id. — Right to Recover Damages — Form of Action not Prescribed — General Law Applicable. — The right of the commissioners to recover damages is an incident to the right of action to recover possession, notwithstanding the statute does not mention such damages. The statute gives a right of action in ejectment, without prescribing its form; and the general law which attaches liability in such action, for damages for the wrongful withholding of the possession, is applicable, unless an affirmative exemption therefrom is shown by the defendant.

CROSS-APPEALS from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, H. R. Comly, N. H. Conklin, and Neale & Metcalf, for People and State Board of Harbor Commissioners, Appellants and Respondents.

Oscar A. Trippet, for Joseph Mullender, Respondent and Appellant.

THE COURT. — Ejectment to recover possession of certain lands alleged to be tide-lands of the Bay of San Diego, and for damages for withholding possession thereof. The defendant demurred to the complaint, and the demurrer was overruled. Defendant failed to answer, and judgment was entered for plaintiff for possession of the land, and from that judgment the defendant appeals.

In addition to the demurrer, the defendant moved to strike out paragraph 4 of the complaint, on the ground that it was irrelevant, and that motion was granted, and from that action of the court the plaintiffs appeal, and by stipulation both appeals are brought up in the same transcript and are submitted together.    Plaintiffs' appeal involves the question of the right to recover damages for withholding possession of the demanded premises.

Defendant's appeal presents the more important question, and will be first considered.

Defendant's demurrer is based upon the alleged unconstitutionality of an act approved March 18, 1889 (Stats. 1889, p. 305), creating the board of state harbor commissioners for the Bay of San Diego.

1. It is contended that said act violates section 24 of article IV of the constitution, which provides:—

"Every act shall embrace but one subject, which subject shall be expressed in its title.    But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title."

The title of the act is as follows: " An act to add thirty-four sections to an act of legislature of the state of California to establish a Political Code, approved March 12, 1872, said sections to be known, numbered, and designated as sections 2575, 2576" (enumerating all the sections consecutively to and including section 2608), "all relating to the establishment of a board of state harbor commissioners for the Bay of San Diego."

The constitutional provision above quoted is not peculiar to this state.    In substantially the same form it exists in many states.    It was incorporated in the constitution of 1849, but at an early day it was held to be merely directory.    (*Washington* v. *Page*, 4 Cal. 388.)    Our present constitution provides, "The provisions of this constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise." (Const., art. I, sec. 22.)    But, regarding, as we must, the mandatory character of the requirement that " every act shall embrace but one subject, which subject shall be expressed in its title," the question whether any particular enactment violates this provision is one of construction.

Judge Cooley, in his work on Constitutional Limitations

(4th ed., p. 178); speaking of this provision in constitutions, said: "There has been a general disposition to construe the constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted." To this proposition the learned author cites a very large number of cases from many different states.

In *Ex parte Liddell*, 93 Cal. 638, it is said: "It is admitted that the constitutional provision under consideration has always been given a liberal construction; and this must be so, because the constitution itself does not define the degree of particularity with which a title shall specify the subject of a bill. The matter must therefore be left largely to legislative discretion."

In the opinion in that case, Mr. Justice Paterson traced the history of the part which titles of acts have played in legislation, and that history need not again be rehearsed; but we call attention to the several cases there cited, illustrating the sufficiency of titles of acts under constitutional provisions of the character here in question.

In *People* v. *Parks*, 58 Cal. 624, 636, it is said: "Provisions of an act may be numerous; but, however, if they can be, by fair intendment, considered as falling within the subject-matter of legislation, or necessary as means to the attainment of the subject, the act will not conflict with the constitution. But if the act shall be found to be made of incongruous parts, or to comprehend unconnected and dissimilar subjects to that expressed in its title, it cannot be upheld."

It is not necessary to examine the provisions of said act in detail and pass upon the constitutionality of each. We are here concerned only with the validity of the board of harbor commissioners created by and under the provisions of said act, and of its authority to bring and maintain the present action.

Section 2579 of said act provides, among other things, that "The commissioners shall have possession and control of the entire Bay of San Diego, together with the improvements, rights, privileges, easements, and appurtenances connected therewith or in any wise appertaining thereto, for the purposes in this article provided"; and section 2578 provides: "The commissioners may institute and prosecute to final judgment actions in the name of the people of the state of California for the possession of any portion of the premises described in this

article, or for the collection of any money due or that may become due the state by authority of this article."

These provisions of the act would seem, upon their face, to authorize the present action, and they are clearly within the title of the act.

2. It is contended, however, that said act violates section 25 of article IV of the constitution, which prohibits the enactment of local or special laws in the cases there specified.

Appellant specially refers to paragraphs 28 and 33 of said section. The twenty-eighth has no application. It relates to offices and officers in cities, counties, cities and counties, townships, election or school districts. The thirty-third paragraph prohibits local or special laws, "in all other cases where a general law can be made applicable."

That the act here in question is both local and special is conceded. But that is not conclusive. The language of said paragraph plainly implies that there are or may be cases where a local or special act may be wise, salutary, and appropriate, and in no wise promotive of those evils which result from a general and indiscriminate resort to local and special legislation. The constitution submits the question, whether a general law can be made applicable in any given case, to the judgment of the legislature, to be determined in the light of the evils intended to be avoided, and with its determination upon that question we may not interfere, unless the disregard of the constitutional requirement is clear and palpable. In Indiana it is held that the legislature is the exclusive judge whether a general law can be made applicable. (*State* v. *Tucker*, 46 Ind. 358, and cases cited.) In Iowa it is held that where a local or special law is not within the evil which the constitution sought to provide against, or where the enactment of a general law would not afford any remedy for or relief from that evil, such local or special law is valid. (*State* v. *Squires*, 26 Iowa, 340, 345.) In discussing a similar provision of the constitution of Kansas, the supreme court of that state said: "It is not the purpose of the constitution to compel the legislature to accomplish an act of local or special legislation beneficial to one person or locality only through a general law, which might, in their opinion, result in damage when applied to other persons or localities. . . . The legislature must necessarily determine whether their purpose can or cannot be expediently accomplished by a general law. Their discretion and

sense of duty are the chief, if not the only, securities of the public for an intelligent compliance with that provision of the constitution. Whether we could, in any conceivable case presenting a flagrant abuse of that discretion, hold a private law invalid as contrary to that provision of the constitution, we need not here decide, but we would certainly not hold such a law invalid, merely because it would, in our opinion, have been possible to frame a general law under which the same purpose could have been accomplished." (*State* v. *Hitchcock,* 1 Kan. 178, 185.[1] See also *Farrelly* v. *Cole,* 60 Kan. 375.)

The act in question, if made general, could apply only to the harbors within the state. These are of different size and importance, and we may well assume that the legislature determined that laws suitable and adapted to one would not be suitable nor adapted to the others, or to any of the others. There would seem to be the same necessity for diversity of laws and regulations for the different harbors that exists in the case of cities and counties; but the constitution has not directed the classification of harbors, nor would their classification at all simplify or diminish the legislation required. We do not think the act in question is within the evils sought to be remedied by said provision of the constitution, nor that the legislature in adopting it abused its discretion or violated any provision of the constitution.

3. It is not required that the complaint shall specify the use to which the commissioners propose to put the premises when recovered. If the defendant has no right to the possession of the property, or to its control, the use to which plaintiffs may put it does not concern him.

### PLAINTIFFS' APPEAL.

Upon defendant's motion the court struck out paragraph 4 of the plaintiffs' complaint, which alleged that the value of the rents and profits of the demanded premises during the time the possession was wrongfully withheld from the plaintiff was six hundred dollars, and sought to recover that sum as damages. In this we think the court erred.

The argument of defendant is, that the act does not authorize the board to bring suit in the name of the people for damages; that it gives only the right of action for possession; that dam-

---

[1] 81 Am. Dec. 503.

ages are not mentioned; and that the courts cannot extend the powers of the board. ,

The statute does not prescribe the form of the action to be brought. It provides that the commissioners, in the name of the people, may institute and prosecute "actions" for the possession, etc. The *actions* here referred to are the usual and appropriate actions for the recovery of the possession of real estate. No new action or new form of action is prescribed, nor is there any exemption from liability on the part of the defendant for damages, or rents and profits, such as are incident to the action of ejectment when resorted to for the enforcement of a private right to the possession of land. The general law attaches liability for damages to the wrongful possession of the land of another, and the defendant, if he would escape liability for such damages, when they have been suffered, must affirmatively show an exemption therefrom.

Plaintiffs' appeal is from that portion of the judgment which ordered "that plaintiffs recover nothing from defendant as damages for withholding the possession of the premises, and the loss of the value of the rents and profits thereof." The action of the court complained of by the plaintiffs appears by bill of exceptions, but it does not show that the value of the rents and profits were in any manner ascertained by the court. It is therefore ordered that the order of the court below striking out the fourth paragraph of plaintiffs' complaint be vacated, and that so much of the judgment herein as denies the right of the plaintiffs to recover damages be reversed, and that upon due notice to the defendant, plaintiffs' damages for the withholding of the possession of the demanded premises be assessed, and that plaintiffs have judgment therefor.

Hearing in Bank denied.