THE PEOPLE *ex rel.* Samuel P. Thrasher, Appellee, *vs.*
DAVE SMITH *et al.* Appellants.

*Opinion filed October 24, 1916.*

1. NUISANCES—*court of equity may enjoin public nuisance at suit of Attorney General or State's attorney.* A court of equity has jurisdiction to enjoin the maintenance of a public nuisance at the suit of the Attorney General or State's attorney even though such maintenance may be punishable by indictment.

2. CONSTITUTIONAL LAW—*when the legislature may designate agency to set law in motion.* Where the action is one affecting the public welfare it is within the constitutional power of the legislature to designate the agency to set the law in motion on behalf of the public, and in an act making bawdy houses public nuisances the legislature may confer on any citizen of the county the right to file a bill in equity enjoining the maintenance of such nuisances.

3. SAME—*act of 1915, making bawdy houses public nuisances, is constitutional.* Section 1 of the act of 1915, (Laws of 1915, p. 371,) relating to bawdy houses and declaring all such places, and the property therein, used for the purposes mentioned in the act, to be public nuisances, is an exercise of the police power and is constitutional.

4. SAME—*section 5 of the act making bawdy houses public nuisances does not confiscate property without due process of law.* Section 5 of the act of 1915, making bawdy houses public nuisances, which authorizes a decree ordering that the building, apartments and premises remain in the custody of the court while the decree is in effect and ordering the place closed by the sheriff and the fixtures sold and the proceeds, after payment of costs, paid to the owner, does not deprive the owner of his property without due

process of law, as it is also provided that an effort in good faith to abate the nuisance will prevent a decree to close the place, and that the giving of reasonable security to immediately abate the nuisance and prevent its establishment or maintenance within a period of one year will cause a vacation of the decree.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

RUDOLPH FRANKENSTEIN, and MAURICE J. SLATER, for appellants.

SIMS, WELCH & GODMAN, (ELWOOD G. GODMAN, and DANIEL J. WARD, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the defendants from a decree of the circuit court of Cook county overruling their demurrer to a bill in equity filed under the provisions of the act approved June 22, 1915, entitled "An act regarding places used for purposes of lewdness, assignation, or prostitution, to declare the same to be public nuisances, and to provide for the more effectual suppression thereof." (Laws of 1915, p. 371.)

It is unnecessary to set forth the allegations of the bill; for no claim is made that they are not sufficient to comply with the terms of the act, but the appellants' contentions are that the statute is unconstitutional and void as class legislation; that it deprives the appellants of their property without due process of law; that it attempts to confer upon a private citizen the duties of the State's attorney and the Attorney General, and that the act attempts to prevent the commission of a criminal offense by injunction.

The bill was not filed by the State's attorney or the Attorney General but upon the relation of a private citizen of Cook county, under the authority of section 2 of the act. Section 1 declares all buildings, apartments and places, and

275 – 17

the fixtures and movable contents thereof, used for purposes of lewdness, assignation or prostitution, to be public nuisances, and section 2 authorizes the State's attorney, or any citizen of the county in which such a nuisance exists, to "maintain a bill in equity, in the name of the People of the State of Illinois, perpetually to enjoin all persons from maintaining or permitting such nuisance, and to abate the same, and to enjoin the use of such building or apartment, or such place for any purpose, for a period of one year: * * * *Provided,* that no such injunction shall issue, except on behalf of an owner or agent, unless it be made to appear to the satisfaction of the court that the owner or agent of such building or apartment or of such place, knew or had been personally served with a notice signed by the petitioner."

The appellants contend that in extending the right to maintain the bill to citizens of the county, only, many residents of the county who are not citizens, and many property owners who are neither residents nor citizens of the county, are deprived of the benefit of the bill. The jurisdiction of a court of equity to enjoin the maintenance of a public nuisance at the suit of the Attorney General or State's attorney, even though such maintenance may be punishable by indictment, cannot be doubted, and is recognized in *Stead* v. *Fortner,* 255 Ill. 468, and *People* v. *Clark,* 268 id. 156. The action is one affecting the public welfare, and it is within the constitutional power of the legislature to designate the agency to set the law in motion on behalf of the public. *Carleton* v. *Rugg,* 149 Mass. 550; *Littleton* v. *Fritz,* 65 Iowa, 488; *Ex parte Allison,* 48 Tex. Crim. 684.

The decree restrained the appellants from maintaining, using or permitting the use of the premises for the purpose of lewdness, assignation or prostitution, and from using the building, apartments and premises for any purpose for one year from the date of the decree, and ordered that the building, apartments and premises should remain in the cus-

tody of the court while the decree remained in effect. It was further ordered that the sheriff should remove all fixtures and movable property used in conducting the nuisance and sell them at public sale, as provided by law, and that he should close the premises and keep them closed for the period of one year. These latter provisions of the decree were authorized by the terms of section 5 of the statute, and it is insisted that the appellants were thereby deprived of their property without due process of law.

The act was an exercise of the police power of the State, passed in the interest of the public welfare, for the preservation of good order and public morals. The keeping of a bawdy house was a nuisance at common law. The legislature did not exceed its powers in declaring, as it did in the first section, all places, and the property therein, used for the purposes mentioned to be public nuisances. The contention of the appellants is that the nuisance is not in the property itself but in the manner in which it is used, and that the unlawful use may be prevented without the confiscation or destruction of the property itself. The statute does not undertake to confiscate or destroy property. The personal property is required to be sold and the proceeds, after the payment of costs, paid to the owner. The deprivation of the use of the property for one year as security against the continuance or renewal of the nuisance is not an unreasonable means to that end, in view of the fact that such deprivation is not absolute. The owner may be at once restored to the possession if he will give security, in a reasonable amount, to abate the nuisance immediately and prevent its being established or maintained within a year. No injunction can issue and no order to close the place can be enforced against an owner who has in good faith endeavored to prevent the nuisance.

Under the police power the State may interfere whenever the public interest demands it, and a large discretion is vested in the legislature to determine not only what the

interests of the public require but what measures are necessary for the protection of such interests, the only restriction being that the interest of the public, in general, requires such interference and that the means are reasonably necessary to the accomplishment of the purpose and not unduly oppressive upon individuals. (*Lawton* v. *Steele,* 152 U. S. 133; *Durand* v. *Dyson,* 271 Ill. 382.) Since the use of a building, and the furniture in it, for the purpose mentioned in the statute may properly be declared a nuisance, the legislature has authority to abate such nuisance and to adopt any means reasonably adapted to prevent its recurrence in the future which are not unduly oppressive. Deprivation of the possession and use of the property is certainly adapted to the purpose. It is not unduly oppressive under the circumstances. There is no summary proceeding. Provision is made for notice and hearing, and only in case of a willful violation of the law can the injunction be granted and the possession be taken from the owner in order to make the injunction effectual. An effort in good faith to abate the nuisance will prevent a decree to close the place, and even after decree reasonable security to immediately abate the nuisance and prevent its establishment or maintenance within a period of one year will cause a vacation of the decree. These results may all be easily avoided by not keeping a house of prostitution or permitting one to be kept, and it cannot be regarded as unduly oppressive upon one who has willfully kept or permitted such a house, to require him, after a judicial determination of that fact, to give security for the discontinuance of the nuisance long enough to assure the permanence of its abatement before he shall be permitted to again occupy and use the property within a year. Such a requirement does not deprive him of his property without due process of law.      *Decree affirmed.*