[Civ. No. 2022.  First Appellate District.—November 1, 1917.]

## THE PEOPLE, Respondent, v. CASA COMPANY (a Corporation), et al., Appellants.

[Civ. No. 2191.  First Appellate District.—November 1, 1917.]

## JAMES G. CHOWN, Appellant, v. JOSEPH ALEXANDRE et al., Respondents.

RED LIGHT ABATEMENT ACT—RIGHTS OF PROPERTY OWNER—CONSTITUTIONAL LAW.—The red light abatement act (Stats. 1913, pp. 20, 22) declaring all buildings and places nuisances wherein or in which acts of lewdness, assignation, or prostitution are held to occur, or which are used for such purposes, and providing for the abatement and prevention of such nuisances by injunction or otherwise, does not violate the fourteenth amendment to the federal constitution, by depriving a person of his property in consequence of misdemeanors committed thereon without his knowledge, connivance, or consent, since every owner of property who leases it or puts another in possession of it owes the public a certain degree of diligence, and proof of the general reputation of the place is sufficient to impute knowledge to him, and furthermore the act does not undertake to provide for a judgment abating the nuisance otherwise than as against persons who are properly joined as defendants in the action and brought in by proper process.

NUISANCE — ABATEMENT — LACK OF ACTUAL KNOWLEDGE BY PROPERTY OWNER—FORFEITURES.—The suppression of a nuisance is essentially a proceeding *in rem,* operating upon the property used in the maintenance of the nuisance, and while the owner having no actual knowledge of the character of the business carried on in his building might personally be bound for the costs, the building and furniture may nevertheless be proceeded against and subjected to the forfeitures prescribed by the statute.

ABATEMENT ACT—CLOSING OF BUILDING FOR ONE YEAR.—The provision of the red light abatement law permitting the building to be closed and kept closed against its use for any purpose for one year unless sooner released in the manner provided by law is not unconstitutional and invalid, as being unduly harsh, unreasonable, and oppressive, and in effect a penalty.

ID.—CONTEMPT—UNNECESSARY PROVISION.—The provision of section 6 of the abatement act in regard to punishment for contempt is not a necessary or inseparable part of the act, and may be eliminated therefrom and the remainder of the statute treated as valid.

ID.—ACTION BY PRIVATE CITIZEN—VALIDITY OF ACT.—The abatement act is not objectionable as special legislation in providing for and

permitting the institution and maintenance of the action by an individual citizen without a showing that he is especially damaged, since a multiplicity of suits is thereby prevented, and the same being a matter of legislative discretion not reviewable by the courts.

ID.—ACT NOT IN NATURE OF BILL OF ATTAINDER.—The abatement law is not in the nature of a bill of attainder, since the object of the law is not to punish, but to effect a reformation of the property, and for the further reason that there is no forfeiture of property.

CONSTITUTIONAL LAW — POLICE POWER.—The fourteenth amendment to the federal constitution does not affect or in any manner curtail the police power of the state, and all owners hold their property subject to such police power and to such reasonable conditions as may be deemed by the governing authority essential to the public safety, comfort, and health.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Walter H. Linforth, and George Appell, for Appellants Casa Company et al.

A. S. Newburgh, *Amicus Curiae,* in Support of Appellants.

Chas. M. Fickert, District Attorney, A. L. O'Grady, Assistant District Attorney, and Edward C. Harrison, for Respondent The People.

Alvin Gerlack, and J. E. White, *Amici Curiae,* in Support of Respondent The People.

Edward C. Harrison, and Maurice E. Harrison, for Appellant James G. Chown.

J. A. Cooper, for Respondents Joseph Alexandre et al.

LENNON, P. J.—These actions were instituted against the defendants pursuant to the provisions of an act entitled "An act declaring all buildings and places nuisances wherein or upon which acts of lewdness, assignation or prostitution are held or occur or which are used for such purposes, and providing for the abatement and prevention of such nuisances by injunction and otherwise." (Stats. 1913, pp. 20, 22.)

In the case of People of the State of California *v.* Casa Company et al., the trial court made its findings in substantial accord with the allegations of the complaint, and to the effect that the designated building had been and was being used and occupied for the purposes of lewdness, assignation, and prostitution, and that because thereof the said building was a public nuisance. Accordingly judgment was entered decreeing that said building and each and every part thereof be effectively closed against its use for any purpose, and so kept closed for a period of one year, unless sooner released in the manner provided by law.

The appeal is from the judgment upon the judgment-roll alone, and the points made in support of the appeal are directed solely to the constitutionality of the act in question.

Appellants contend that the act provides for a judgment which may deprive a man of his property in consequence of misdemeanors committed thereon without his knowledge, connivance, or consent, and therefore that it violates the fourteenth amendment to the federal constitution. This point is not well taken. Every owner of property who leases it or puts another in possession of it owes to the public a certain degree of diligence, and proof of the general reputation of the place is sufficient to impute to him knowledge. (*State* v. *Gilbert*, 126 Minn. 95, [147 N. W. 953].) Furthermore, the suppression of a nuisance is essentially a proceeding *in rem*, operating upon the property used in the maintenance of the nuisance, and "while, therefore, the owner having no actual knowledge of the character of the business carried on in his building might personally be bound for the costs, the building and furniture may nevertheless be proceeded against and subjected to the forfeitures prescribed by the state." (*People* v. *Barbiere*, 33 Cal. App. 770, [166 Pac. 812].)

The act does not undertake to provide for a judgment enforcing and insuring abatement of the nuisance otherwise than as against persons who are properly joined as defendants in the action and brought in by proper process and afforded an opportunity to be heard, and thus the constitutional requirement of due process is fully complied with. (*Littleton* v. *Fritz*, 65 Iowa, 488, [54 Am. Rep. 19, 22 N. W. 641]; *State* v. *Jordan*, 72 Iowa, 377, [34 N. W. 285]; *State* v. *Gilbert*, 126 Minn. 95, [147 N. W. 953].)

The fourteenth amendment to the federal constitution does not affect or in any manner curtail the police power of the state (*Barbier* v. *Connolly,* 113 U. S. 27, 31, [28 L. Ed. 923, 5 Sup. Ct. Rep. 357]), and since all owners hold their property subject to such police power and to such reasonable conditions as may be deemed by the governing authority essential to the public safety, comfort, and health, the real question to be determined is whether or not the act is a valid exercise of the police power by the legislature.

Appellants contend that the provision of the statute in question permitting the building to be closed and kept closed against its use for any purpose for one year unless sooner released in the manner provided by law is unduly harsh, unreasonable, and oppressive, and that it is in effect a penalty. In answer to this contention we need only point out that the states of Nebraska, Washington, Minnesota, and Illinois all have red-light abatement statutes similar in substance and form to the act under discussion, and in each of these states this provision of the act has been held constitutional and valid against precisely the same contention made here. (*State* v. *Fanning,* 96 Neb. 123, [147 N. W. 215]; *State* v. *Emerson,* 90 Wash. 565, [L. R. A. 1916F, 325, 155 Pac. 579]; *State* v. *Gilbert,* 126 Minn. 95, [147 N. W. 953]; *People* v. *Smith,* 275 Ill. 256, [L. R. A. 1917B, 1075, 114 N. E. 31].)

It is unnecessary to consider the point made by appellants to the effect that the provisions of section 6 of the act in regard to punishment for contempt are void, because they are in the nature of special legislation and in conflict with section 1218 of the Code of Civil Procedure, fixing a penalty for contempts generally. In the first place, appellants are not aggrieved by this section, inasmuch as no contempt was alleged or found to have been committed, and, in the second place, this provision is not a necessary or inseparable part of the act, and may therefore be entirely eliminated and the remainder of the statute be treated as valid. (*Davidson* v. *Von Detten,* 139 Cal. 469, [73 Pac. 189]; *State Commission* v. *Chicago Co.,* 275 Ill. 555, [Ann. Cas. 1917C, 50, 114 N. E. 325].)

This point and the other points raised on this appeal are fully discussed and decided adversely to appellants' contentions in a recent decision of the appellate court of the third district in the case of *People* v. *Barbiere,* 33 Cal. App. 770, [166 Pac. 812], and we are satisfied with the reasoning of,

and the conclusion arrived at, by Mr. Justice Hart in that case, and concurred in by his associates.

The case of Chown *v.* Alexandre comes up on an appeal from a judgment sustaining defendants' demurrer to a complaint, similar in purpose and allegations to the case previously considered.

The only additional point raised in this case involves the constitutionality of the act under consideration to the extent that it provides for and permits the institution and maintenance of the action by an individual citizen in his own name without a showing that he is specially damaged.

In this behalf it is argued that a general law can be made applicable to the present case, and that therefore the act in question is objectionable as special legislation. It is well settled that the legislature has power to determine whether a general law can be made applicable to any given case and to make different laws for different classes of persons, and we may not interfere with its determination upon that question unless the classification is palpably arbitrary. (*People* v. *Mullender,* 132 Cal. 217, 221, [64 Pac. 299].) It has been decided that the classification is justifiable and in furtherance of the public policy of the state to suppress houses of prostitution. (*Pon* v. *Wittman,* 147 Cal. 280, 292, [2 L. R. A. (N. S.) 683, 81 Pac. 984].)

It is contended that inasmuch as the act provides not merely for the abatement of the nuisance described, but also for the removal and sale of all the personal property used in the maintenance of the nuisance and for the effectual closing for one year of the building or place against its use for any purpose, unless sooner released in the manner provided by law, that the act is penal in its nature, and that, therefore, a proceeding under it constitutes a prosecution within the meaning of section 20 of article VI of the state constitution, and consequently must be conducted in the name of the people of the state.

That the word "prosecutions" in section 20 of article VI of the constitution is used in a limited sense, viz., as signifying only prosecutions of a criminal character, is not questioned, but it is insisted that while the action is in form a civil action in equity to abate a nuisance, in substance it is a criminal prosecution. We do not so construe it. The purpose of the statute as stated in its title is "the abatement and prevention

of such nuisances by injunction and otherwise,'' and, we think, the provisions of the statute merely effectuate this purpose.

Every presumption is in favor of the constitutionality of the statute (*Stubbe* v. *Adamson,* 220 N. Y. 459, [116 N. E. 372, 376]), and the fact that the criminal aspect of the maintenance of houses of prostitution was already fully covered by existing statutes when the statute in question was enacted fortifies the presumption that the legislature intended thereby to provide a remedy for the prevention and abatement of a recognized evil which would in its nature be a civil proceeding rather than a criminal prosecution. (Pen. Code, secs. 315, 316; *State* v. *Gilbert,* 126 Minn. 95, [147 N. W. 953].)

The jurisdiction of courts of equity to restrain and enjoin common nuisances affecting the public generally has never been denied, and is not here disputed. But in this connection it is argued that the statute is invalid because it authorizes an action to abate a nuisance to be brought by an individual citizen without a showing that he is especially damaged. The reason for the rule in this behalf was to prevent a multiplicity of suits, but that is a mere matter of legislative discretion, and questions of policy or expediency in legislation are for the law-making power itself, and not for the courts to determine. (*Littleton* v. *Fritz,* 65 Iowa, 488, [54 Am. Rep. 19, 22 N. W. 641].)

It is well established that the state may confer the right to bring an action to abate a public nuisance upon a private individual in addition to his existing right to bring such actions where there is a special injury to him (*State* v. *Fanning,* 96 Neb. 123, [147 N. W. 215] ; *Littleton* v. *Fritz, supra*), and in this state this power is expressly conferred by section 369 of the Code of Civil Procedure, which states that a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted.

The point urged by *amicus curiae* to the effect that the act is in the nature of a bill of attainder is without merit. The purpose of attainder at common law was to punish, and its consequences were forfeiture and corruption of blood. (2 Jones' Blackstone, sec. 430.) The object of the act in question is not to punish; its purpose is to effect a reformaton in the property itself. Furthermore, there is no forfeiture of

property.. The closing of the place for one year with the privilege of sooner releasing it in the manner provided by law is merely a means of abating the nuisance, and that it is a reasonable method for enforcing the judgment of abatement has been decided in several jurisdictions where similar enactments exist. (*People* v. *Smith,* 275 Ill. 256, [L. R. A. 1917B, 1075, 114 N. E. 31]; *State* v. *Fanning,* 96 Neb. 123, [147 N. W. 215].)

It follows that the judgment in the case of People *v.* Casa Company is affirmed and the judgment in the case of Chown *v.* Alexandre is reversed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 31, 1917.