[Civ. No. 2924.   Third Appellate District.—November 27, 1925.]

THE PEOPLE, Appellant, v. GRANT BURKETT et al., Respondents.

[1] NUISANCES—ABATEMENT—TEMPORARY INJUNCTION—PRIOR NOTICE TO OWNERS—PLEADING.—The provision of section 3 of chapter 132, Statutes of 1915, requiring service of notice upon the owner of property alleged to be a nuisance, relates to the issuance of a temporary injunction only; and in an action under said act to abate a nuisance, if a temporary injunction is not applied for, the complaint is not defective because of the failure to allege that written notice was served upon the owner of the property prior to the filing of the complaint.

(1) 15 C. J., p. 970, n. 30, 31; 33 C. J., p. 696, n. 28 New.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Reversed.

The facts are stated in the opinion of the court.

William E. Rothe, District Attorney, and Clinton W. Johnson, Deputy District Attorney, for Appellant.

Bond & Deirup and J. Oscar Goldstein for Respondents.

FINCH, P. J.—The complaint alleges that the defendant Park Hotel Company is the owner of a certain described building; that a designated part of the building "is and for many months prior to the filing of this complaint has been used for the purpose of unlawfully selling, serving, keeping, storing and giving away intoxicating liquor"; that the defendants "during all the time herein mentioned have been and now are conducting and maintaining the same as a place where intoxicating liquors have been and now are, kept, sold, stored or given away" contrary to the state and national prohibition laws. The prayer is for a judgment, among other things, abating the alleged nuisance, and enjoining the further maintenance thereof by defendants. The complaint does not allege that the district attorney had served notice of the existence of the alleged nuisance upon the owner of the property prior to the filing of the complaint. The defendants Burkett and Park Hotel Company filed separate demurrers to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The court sustained the demurrers and dismissed the action. This appeal is from the judgment of dismissal. A temporary injunction was not applied for.

Counsel for respondent Burkett, evidently through oversight as to the contents of the complaint, contends that the allegations thereof show the maintenance of a nuisance, not at the time the complaint was filed, but only at times prior thereto. Counsel's error is apparent from the parts of the complaint herein set out.

[1] The only other ground upon which respondents attempt to justify the ruling of the court is that the complaint is insufficient in the failure to allege that written notice was served upon the owner of the property by the district attorney prior to the filing of the complaint. They

rely upon the provisions of section 3 of chapter 132, statutes of 1915. That section reads as follows:

"The complaint in such action must be verified unless filed by the district attorney. Whenever the existence of such nuisance is shown in such action to the satisfaction of the court or judge thereof, either by verified complaint or affidavit, *and the court or judge is satisfied that the owner of the property has received written notice of the existence of such nuisance, signed by the complainant or the said district attorney at least two weeks prior to the filing of the complaint,* the court or judge shall allow a temporary writ of injunction to abate and prevent the continuance or recurrence of such nuisance. *On granting such writ the court or judge must require, except when it is granted on application of the people of the state, written undertaking on the part of the applicant, with sufficient sureties, to the effect that he will pay to the party enjoined such damages, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decides that the applicant was not entitled thereto.*"

The foregoing provisions, excepting the words herein italicized, are in the precise language of section 4 of chapter 17, Statutes of 1913, relating to the abatement of houses of prostitution. The other sections of the act of 1915 are largely literal copies of those contained in the act of 1913. The provisions of that act have been declared valid in several cases arising thereunder. (*People* v. *Barbiere,* 33 Cal. App. 770 [166 Pac. 812]; *People* v. *Casa Co.,* 35 Cal. App. 194 [169 Pac. 454]; *Selowsky* v. *Superior Court of Napa Co.,* 180 Cal. 404 [181 Pac. 652].) The provision of section 3 of the act in question here, requiring service of notice upon the owner of the property alleged to be a nuisance, so clearly relates to the issuance of a temporary injunction only that argument in support of the proposition seems to be superfluous. If section 3 were stricken from the act entirely, the provisions of the remaining sections would fully authorize a judgment, in a proper case, permanently enjoining and abating a nuisance of the character defined in the act, and it is not perceived that the provisions relating to the issuance of a temporary injunction have any bearing whatever in a case where no appli-

cation is made for a temporary injunction. Respondents rely upon some of the language used in the case of *In re Brambini*, 192 Cal. 19, 28 [218 Pac. 569, 573]. In that case it is said: ''The next question presented is that arising from the fact that the state law requires that a written notice be given to the owner of the premises before the suit is instituted (Stats. 1915, p. 237, sec. 3, *supra*), while the Volstead Act does not require such notice. It is only necessary in the matters at bar to determine whether or not such notice is jurisdictional. If it is jurisdictional in the sense that the superior court would not have authority to issue the preliminary injunction without this notice, then the injunction in this case having been issued without such notice, is void, and the petitioners are entitled to discharge. On the other hand, if the failure to give such notice merely goes to the sufficiency of the complaint as a foundation for the temporary and permanent abatement of the nuisance, and if the error of the court in issuing the temporary injunction is an error committed in the exercise of its jurisdiction, the preliminary injunction in this case comes under the head of an injunction improvidently issued as distinguishable from one utterly void and petitioners' remedy was not to violate the injunction, but to apply to the court for its dissolution and in default of such dissolution to appeal to the higher court for a reversal of the order of the superior court in issuing, or in failing to dissolve, the injunction. The authorities fully support the view that such a defect in the complaint is not jurisdictional, because it goes merely to the sufficiency of the facts alleged as a basis for the injunctive relief asked for, and not to the powers of the court to issue the injunction.'' The only question considered in the paragraph quoted was whether the temporary injunction issued by the trial court was void by reason of the failure to serve notice upon the owner of the existence of the alleged nuisance, and the language used must be understood as applying to that question alone. A permanent injunction had not been issued. ''Expressions in a judicial opinion must be read in the light of the particular question presented for decision and under consideration.'' (*City of Oakland* v. *Buteau*, 180 Cal. 83, 88 [179 Pac. 170, 173].) The language of the court in the Brambini case is not even the ex-

pression of an opinion that notice to the property owner is a prerequisite to the issuance of a permanent injunction, but only that when application is made for both a temporary and a permanent injunction notice to the owner of the existence of the alleged nuisance is necessary to justify the issuance of a temporary injunction.

The judgment is reversed, with direction to the trial court to overrule the demurrers.

Hart, J., and Plummer, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 25, 1926.