[No. 36774. En Banc. February 6, 1964.]

"U" District Building Corporation et al., *Appellants*, v. John O'Connell, *as Attorney General, et al., Respondents.* *

*Oscar A. Zabel* and *David Skellenger*, for appellants.

*The Attorney General, Arthur Mickey* and *Paul D. Solomon, Assistants*, for respondents.

Rosellini, J.—This proceeding was brought by the appellants seeking a declaratory judgment (under the authority of RCW 7.24.020) that chapter 49, Laws of 1933, Ex. Ses., as amended by Laws of 1951, chapter 120, § 1 (RCW 66.44.190) is unconstitutional. Their action was dismissed on motion of the respondents.

RCW 66.44.190 prohibits sales of intoxicating liquors on the grounds of the University of Washington and within a

*Reported in 388 P. (2d) 922.

described area surrounding it. The appellants own property within the boundaries of that area. They contend that the law is discriminatory because it does not apply to similar areas surrounding other institutions of higher learning in the state of Washington.

Legislation regulating or even prohibiting the manufacture, sale, serving or possession of intoxicating liquor is regarded as an exercise of the police power of the state, for the protection of the welfare, health, peace, morals, and safety of the people of the state. *Derby Club, Inc. v. Becket*, 41 Wn. (2d) 869, 252 P. (2d) 259, and cases cited therein. However, as we recognized in that case, the exercise of the power is subject to constitutional limitations.

RCW 66.44.190 is a special law, since by its terms it applies only to the University of Washington and its environs, but it is not a special law which is expressly forbidden under Art. 2, § 28, of the state constitution. While the appellants do not contend that the law is expressly forbidden as a special law, they urge that it deprives them of the equal protection guaranteed by the state and federal constitutions, because its provisions do not apply alike to all persons "similarly situated." The authorities which they have cited sustain the general proposition that class legislation must apply alike to all persons similarly situated, but none of them is concerned with a law which regulates the sale of liquor or other activity within a prescribed area. The respondents, on the other hand, have cited numerous authorities sustaining the power of legislative bodies to enact such measures. The general rule is stated in 30 Am. Jur., Intoxicating Liquors § 139, p. 615, as follows:

"The state, in the exercise of its police power, may enact a valid law forbidding the sale of intoxicating liquors in a particular locality, where, in the opinion of the legislature, the peace and good order of society so require. . . ."

Among the many cases applying this rule is *Ex parte Burke*, 160 Cal. 300, 116 Pac. 755. In that case, the petitioner was convicted of a violation of the penal code forbidding the sale of intoxicating liquor

" ' . . . upon or within one and one-half miles of the university grounds or campus, upon which are located the principal administrative offices of any university having an enrollment of more than one thousand students, more than five hundred of whom reside or lodge upon such university grounds or campus . . .' "

The petitioner challenged the constitutionality of the statute, contending that it violated the provisions of the California constitution requiring all laws of a general nature to have a uniform operation and prohibiting the passage of special laws where general laws could be made applicable, and contending also that it violated amendment 14 to the constitution of the United States. In answer to the argument that it was a special law and designed to apply only to the Leland Stanford, Jr., University, the court said:

"If the concession should be at once made that this is a special law and that it was designed to accomplish the very purpose which petitioner specifies, it still would not follow that the law must for that reason be condemned; for, if the case be one to which a general law cannot be made applicable, the constitutional limitation upon the power of the legislature is at an end and the legislature may properly pass a special law to meet such a case. (*People v. Mullender*, 132 Cal. 217, [64 Pac. 299].) If it be that the Leland Stanford University is an educational institution needing legislation and if, because of the character of the institution, its location or any one of a number of other reasons appearing sufficient to the legislative mind, the desired or required legislation is special to that university and is not applicable to educational institutions as a whole or as a class, there is no prohibition in the law against the legislature passing just such special legislation of this character as the exigencies of the situation may demand. If, therefore, the legislature had specifically addressed this legislation to the requirements of the Leland Stanford University it would demand a very plain exposition of the abuse of legislative power before a court would hold that the legislation should have been made to apply to all or to any designated class of educational institutions."

Answering the contention made by the petitioner, which is the same as that made by the appellants in this case, that

the law did not apply alike to all persons similarly situated because it did not apply to other universities, the court observed that if the classification was narrow, there was a reason for its narrowness, the university being in a class by itself, and that the law operated uniformly upon all within the designated class.

We think that what was said in that case applies in this and with greater force in one respect. Here we have no constitutional requirement that a general law be enacted if it can be made applicable. As in *Ex parte Burke, supra,* there has been no showing that there is any other university of the same class in the state, and the evidence which has been brought before us indicates that there is none. This is a fact so well known as to be within the judicial knowledge of the court.

■ The legislature was entitled to take into account the special characteristics, problems, and circumstances of the university and to enact legislation which it deemed necessary to meet the special requirements of that institution. The contention that the law which it enacted, embodied in RCW 66.44.190, does not apply alike to all persons similarly situated is without merit. The only persons similarly situated are those who are within the boundaries of the designated area. Upon these, the law operates uniformly.

The appellants having failed to sustain the burden of showing that the legislation in question violates some provision of the constitution, the judgment is affirmed.

ALL CONCUR.