[No. 12098. Department Two. January 29, 1915.]

THE STATE OF WASHINGTON, *on the Relation of Lorenzo Dow,*
*Prosecuting Attorney etc., Respondent,* v.
W. R. NICHOLS *et al., Appellants.*[1]

NUISANCE—DISORDERLY HOUSE—ABATEMENT—KNOWLEDGE OF OWN-
ER OF BUILDING. In an action to abate a nuisance under the red
light law, brought against the property and the lessees and owners
of the building, it is immaterial that the owners had no knowledge
that prostitution was being carried on at the place, if, in fact, it
existed.

SAME—ABATEMENT—CIVIL ACTION—RIGHT TO JURY TRIAL. Under
3 Rem. & Bal. Code, § 946-1, of the red light law, in which the build-
ing or place in which assignation or prostitution is conducted or
carried on and the furniture and contents are declared a nuisance, a
jury trial cannot be demanded in a civil action brought in equity in
the name of the state to abate the same, as authorized by Id., § 946-2.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered November 24, 1913, upon find-
ings in favor of the plaintiff, in an action to abate a nuisance
under the red light law. Affirmed.

*C. M. Riddell, A. R. Titlow,* and *A. O. Burmeister,* for
appellants.

*Lorenzo Dow* and *A. B. Comfort,* for respondent.

MAIN, J.—The purpose of this action was to abate a nui-
sance and enjoin the continuance thereof. In the complaint,
it is alleged that, on and from some time prior to October 18,
1913, a certain building or hotel, known as the Wilber, in the
city of Tacoma, "was used for the purpose of lewdness, as-
signation and prostitution, and said place was at said time
and is now a nuisance under the statutes of the state of
Washington." The owners of the hotel, as well as the lessees,

[1]Reported in 145 Pac. 986.

were made parties defendant. They answered separately, denying the existence of the nuisance. After the issues had been thus framed, the defendants demanded a jury trial. This by the trial court was refused. The cause was tried to the court and a finding made,

"That on and prior to the 18th day of October, 1913, said building, together with the fixtures, furniture and movable property therein, was used for the purpose of lewdness, assignation and prostitution."

A judgment was entered abating the nuisance and closing the property for a period of six months. From this judgment, the defendants appeal.

In the brief, two questions are argued. First, Whether the finding that the building was used for the purpose of lewdness, assignation and prostitution is sustained by the evidence; and second, whether the trial court erred in denying a jury trial.

I. The action was brought under ch. 127, p. 391, Laws of 1913 (3 Rem. & Bal. Code, § 946-1 *et seq.*), generally known as the red light law. Section 1 of this act is dual in its provisions. It is there provided that whoever shall erect, establish, maintain, continue, use, own or lease any building or place used for the purpose of lewdness, assignation or prostitution is guilty of a nuisance; and also, that the *building* or *place*, or the *ground* itself, in or upon which lewdness, assignation or prostitution is conducted, permitted or carried on, continues or exists, and the furniture, fixtures, musical instruments, and contents are declared a nuisance.

Sec. 2 (Id. § 946-2) of the act provides that the prosecuting attorney or any citizen of the county may maintain an action in equity in the name of the state. The present action is one in equity, and is brought under the second provision of § 1 of the act which makes the place or building a nuisance, and not under the first provision which makes the person subject to be prosecuted by indictment or information.

The appellants claim that the evidence does not show that lewdness or prostitution was conducted or carried on in the building mentioned. This presents a question of fact. The statement of facts covers approximately two hundred and twenty-five pages. The appellants' abstract of the evidence covers less than two pages of typewritten matter. It does not set forth the evidence of the various witnesses in narrative form, nor contain references to the statement of facts, as required by the statute and the court rules. The abstract covers the evidence in general terms and is denominated by the abstracter as a "synopsis" of the evidence. No motion was interposed to strike this abstract. The respondent filed a supplemental abstract setting forth the testimony of certain of its witnesses in narrative form. Considering the testimony as it is found in these two abstracts, there is no question but what the finding of the trial court is sustained by the evidence. From the evidence abstracted, it plainly appears, not only that prostitution was carried on in the place mentioned, but that this was with the knowledge of one of the tenants.

It is said, however, that the owners of the property had no knowledge of the existence of the nuisance. This is doubtless true. But the fact that the owners had no knowledge that prostitution was being carried on at the place mentioned, would furnish no reason why the court should not abate such nuisance if, in fact, it existed.

II. The appellants argue their assignment of error based upon the refusal of the court to grant a jury trial, but cite no authority sustaining their position. As already stated, this action was brought on the equity side of the court. Under the statute, the building or place where prostitution is carried on is made a nuisance, and an action in equity is authorized to abate and enjoin the existence of such a nuisance. It is common learning that in an equitable action a jury trial cannot be demanded as a matter of right. Independent

of the statute, an equity court has power in proper cases to abate and enjoin a bawdy house as a nuisance. In *Ingersoll v. Rousseau*, 35 Wash. 92, 76 Pac. 513, speaking upon the contention that there was a plain, speedy and adequate remedy at law and that therefore the right did not exist in equity, the court said:

"The second contention of the appellant, while not entirely free from difficulty, we think is also without merit. It will be remembered that courts of equity have, from the earliest times, exercised jurisdiction to prevent and abate public nuisances, notwithstanding there has concurrently existed the common law remedies of indictment and action on the case. The jurisdiction was grounded on the inadequacy of the legal remedies; it being within the power of courts of equity, not only to abate an existing nuisance, but to do what the courts of law could not do—interpose and prevent threatened nuisances, and, by a perpetual injunction, make their remedies effectual throughout all future time. . . . Precedents are abundant where equity has interfered by injunction to prevent and abate public nuisances against which there existed the same common law remedies of indictment and action on the case that existed against the maintenance of a bawdy house. [Citing authorities.]"

In *State v. Jordan*, 72 Iowa 377, 34 N. W. 285, the supreme court of the state of Iowa, in an action brought under a statute which made the place where intoxicating liquors were sold unlawfully, a nuisance, held that the defendant could not demand a jury trial as a matter of right. It was there said:

"It is insisted that the statute is in conflict with the constitution of the United States, for the reason that it denies defendant the right of trial by jury, deprives her of her property without due process of law, and authorizes punishment without indictment by a grand jury. It is sufficient to say, in reply to these objections, that the action is brought in chancery to restrain the maintenance of a nuisance,—a subject of equitable cognizance before the statute was enacted,—and that the right to trial by jury in chancery cases is not secured by any constitutional provision. . . ."

The trial court did not err in refusing a jury trial. Had the action been brought under the first provision of § 1 of the statute, by information or indictment, and a jury trial been denied, a different question would be presented.

The judgment will be affirmed.

MOUNT, ELLIS, and CROW, JJ., concur.