STATE, EX REL. T. J. McGUIRE ET AL., APPELLEES, v. JOHN M. MACFARLAND ET AL., APPELLANTS.

FILED DECEMBER 15, 1919. No. 20502.

1. Intoxicating Liquors: NUISANCE: CONSTITUTIONAL LAW. Section 35, ch. 187, Laws 1917, providing for the assessment of $300 against a building (enjoined as constituting a nuisance) and its owner, under a law relating to intoxicating liquors, is unconstitutional, for the reason that the $300 assessment must be regarded either as a tax or as a penalty. If a tax, it violates section 1, art. IX of the Constitution, providing the manner in which revenues may be raised. If a penalty, it violates section 5, art. VIII of the Constitution, requiring penalties to go exclusively to the school fund, and section 6, art. 1 of the Constitution, guaranteeing the right of trial by jury.

2. ————: ————: LIQUIDATED DAMAGES. Eighty per cent. of the said $300 assessment, being a payment required, not to cover costs, but merely for the wrongful violation of a law which is, in itself, criminal, cannot be considered as a judgment or order for the payment of liquidated damages.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Judgment modified.*

*Macfarland & Macfarland, T. J. Keenan* and *J. T. Votava,* for appellants.

*Clarence A. Davis, Attorney General, T. J. McGuire* and *Alfred Munger, contra.*

CORNISH, J.

The defendants, against whom a permanent injunction had issued, for violation of the provisions of chapter 187, Laws 1917, relating to intoxicating liquors, appeared, paid all costs, and gave the bond conditioned upon the immediate abatement of the nuisance. From an order of the trial court, assessing, in addition thereto, a tax of $300, as provided by section 35 of the act, claimed to be unconstitutional, defendants appeal.

Section 35 is as follows: "Whenever a permanent injunction issues against any person for maintaining a nuisance as herein defined, * * * there shall be assessed against the building and the ground upon which the same is located, * * * and the owner or agent of said premises, a tax of three hundred dollars. The assessment of said tax shall be made by the assessor of the city, village or township in which the nuisance exists. * * * Said tax may be enforced and collected in the manner prescribed for the collection of taxes under the general revenue laws, and shall be a perpetual lien upon all property, both personal and real, used for the purpose of maintaining said nuisance; and the payment of said tax shall not relieve the person or building from any other penalties provided by law, and when collected shall be applied and distributed in the manner prescribed by law for the application and distribution of moneys arising from the collection of fines and penalties in criminal cases, excepting that 20 per cent. of the amount so collected shall be paid by the treasurer to the attorney representing the state in the injunction action at the time of final judgment."

In *State v. Fanning*, 96 Neb. 123, 128, considering a like provision, we said: "It is further urged that the act is unconstitutional on account of the inclusion of section 8782, providing for the assessment of a tax of $300 against the property and the ground upon which the same is located, and against the person maintaining the nuisance and the owner or agent of the premises, and the payment of a portion of the tax to the attorney prosecuting the action. This section is a clear and palpable violation of section 1, art IX of the Constitution, and section 5, art. VIII, as well probably as of other provisions of the same instrument, and is void and incapable of enforcement." Afterwards, upon rehearing (97 Neb. 224), mainly because of the reasoning in *State v. Ryder*, 126 Minn. 95, decided in the interim, and because a final determination of the question was not necessary to a

disposal of the case, these words in the opinion and syllabus were withdrawn, and the question left an open one. The Minnesota law is not identical with ours. It denominates the assessment a penalty; ours denominates it a tax. It provides for the application of the money in payment of costs as well as attorney's fees; ours does not make it applicable to the payment of costs. Ours provides, in another section, for payment of costs from sales of the personal property, and provides, further, for the return to the owner of the excess received on sale. Laws 1917, ch. 187, sec. 33. The reasoning in the Minnesota case was directed mainly to the objection that the assessment, being a penalty, was in violation of the constitutional guarantee of the right of trial by jury. The court concluded that under the Minnesota law and Constitution it was a tax, rather than a penalty, and permissible in an equity case, dealing with a nuisance.

The assessment is against the property and person; the law uses the words "other penalties," implying that it is a penalty; it distributes the money in the manner of "fines and penalties in criminal cases," so far indicating that it is in the nature of a penalty. On the other hand, the proceedings for its collection are those appropriate for collection of a tax. The 80 per cent. of it, not going to pay attorney's fees or costs, is punitive in its nature. If we consider it a fine or penalty, then it violates section 5, art. VIII of the Constitution, which provides that "such fines, penalties, and license moneys shall be appropriated *exclusively* to the use and support of the common schools," etc., and also violates the defendant's constitutional right of trial by jury. Const., art. I, sec. 6. *State v. Heins,* 14 Neb. 477.

If we regard the assessment as a tax, then it would seem to be violative of section 1, art IX of the Constitution, which, unlike the Minnesota Constitution, provides the manner in which revenues may be raised by taxation, in words as follows: "The legislature shall provide such revenue as may be needful, by levying a tax

by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct," etc. This revenue would not be so provided. See note to *People v. Smith* (275 Ill. 256) in L. R. A. 1917B, 1075, 1078.

It is urged in the state's brief that the $300 assessment is liquidated damages in the nature of a tax assessed to cover costs, expenses, and to stimulate prosecutions. Is there not something incongruous in the proposition that the state will seek compensation in damages for a mere violation of its laws? Payments exacted by the state in such cases are fines or penalties, and the proceeds must go to the school fund. The commercial aspect of the act is not regarded.

In support of this view, the brief cites *Everson v. State,* 66 Neb. 154, in which the court discusses a statute providing that in cases of conviction for embezzlement a fine or judgment against the party shall be entered, which shall operate for the use of the party whose money or property had been embezzled. The court construed this statute as one providing a judgment for liquidated damages going to the person who suffered injury by the wrongful act. In the instant case, there is no person who has suffered injury. The statute otherwise provides for the payment of its costs. The $300 assessment must be paid, whether or not the owner pays the costs and gives bond, in compliance with the order.

For the reasons above given, the judgment of the trial court is modified so as to exclude the order requiring the defendant to pay the $300 assessment.

MODIFIED.

SEDGWICK, J., not sitting.