## WILLIAMS *v.* THE STATE *ex rel.* McNULTY.

A statute authorizing a suit in the nature of a suit in equity to enjoin the keeping of a lewd house is valid, although the keeping of a lewd house is a penal offense under the laws of this State. The act of the legislature approved August 21, 1917 (Acts 1917, p. 177), declaring a lewd house to be a public nuisance abatable in equity, does not violate the due-process clause of the constitution of this State (Civil Code, § 6359), the provision of the constitution which declares that no law or ordinance shall pass which refers to more than one subject-matter or contains matter different from what is expressed in the title thereof (§ 6437), nor the provision that all taxes shall be uniform upon the same class of subjects and ad valorem upon all property subject to be taxed (§ 6553). The act is not penal, but remedial. It therefore does not violate the constitutional provision guaranteeing the right of trial by jury (§ 6361), nor the provision which declares that no person shall be put in jeopardy of life or liberty more than once for the same offense (§ 6364). The provisions of sections six and eight of the act are not inconsistent and irreconcilable.

No. 1603. SEPTEMBER 18, 1920.

Equitable petition.   Before Judge Worrill.   Terrell superior court.   July 12, 1919.

Upon the information of a citizen of Terrell county the solicitor-general of the Pataula circuit, in the name of the State, brought an equitable petition in the superior court of Terrell county against Clara Williams.   The petition alleged that the defendant was keeping and operating a lewd house in Terrell county, and that the house was a nuisance under the laws of Georgia.   The prayers were that the defendant be required to appear at the next term of the court to answer the suit; that she be enjoined from operating said house; and that the furniture, musical instruments, and other personal property in the house be seized under order of the court and sold to satisfy the costs of the suit.   At the term next after service the defendant demurred to the petition.   The demurrer was overruled, and she excepted.

*R. R. Jones,* for plaintiff in error.

*B. T. Castellow, solicitor-general,* and *R. R. Arnold,* contra.

GEORGE, J.   The demurrer questions the constitutionality of the act of the General Assembly approved August 21, 1917 (Acts 1917, p. 177).   The petition does not in terms refer to the act, but in view of the relief prayed it must be construed as a proceeding under the act.   The act is entitled as follows: " An act to declare houses of lewdness, assignation, and prostitution a nuisance; to provide a method of closing such houses by injunction; to prescribe rules of evidence for the trial of cases, where an injunction against such houses is sought; to provide a punishment for violation of an order enjoining such houses; to provide for the abatement of such houses; the sale of personal property found therein; the punishment for contempt for any one violating the order of abatement; for the fees of the officers carrying out the orders of court in such a proceeding; to provide for the release of property by giving bond in such cases; to provide for the assessment of a tax against property used for lewdness, assignation, or prostitution when the use of such property is enjoined and abated as a nuisance; to impose a penalty for permitting minor females to be inmates of such houses; to provide a punishment for the detention of females for the purposes of prostitution; and to repeal all laws in conflict herewith."   The act declares a lewd house to be a public nuisance, and permits the solicitor-general or any citizen of the county wherein the nuisance exists to bring

an equitable action against the person maintaining the nuisance, or the owner or agent of the house, to enjoin and abate it. Provision is made for the grant of a temporary writ of injunction in vacation, if it shall be made to appear to the satisfaction of the court that the nuisance exists. The second section of the act expressly provides that "three days' notice in writing shall be given the defendant of the hearing of the application [for a temporary injunction], and, if then continued at his instance, the writ as prayed shall be granted as a matter of course." The injunction is made binding upon the defendant throughout the judicial district in which it is issued, and any violation of the provisions of the injunction is declared to be a contempt. The third section of the act provides that the action " shall be triable at the first term of court, after due and timely service of the notice has been given, in the same manner as now provided for the trial of equity cases before a jury in the superior court." If the nuisance is established (sections 5 and 7) " in an action as provided in this act," an order of abatement shall be entered as a part of the judgment in the case, which order shall direct the removal from the building of all furniture, fixtures, musical instruments, or movable property used in conducting the nuisance, and shall direct the sale thereof in the manner provided for the sale of chattels under execution, and shall also direct the closing of the building against its use for any purpose for a period of one year, unless sooner released upon the payment of the costs by the owner, and upon filing of bond with security to insure the abatement of the nuisance. Section 6 of the act directs that the proceeds of the sale of the personal property shall be applied to the payment of costs, and the balance, if any, to the defendant. The eighth section provides that when " a permanent injunction issues against any person for maintaining a nuisance as herein described, or against any owner of the building knowingly kept or used for the purposes prohibited by this act, the judge granting said injunction shall, at the same time, enter up judgment against the person, firm, or corporation owning said building in the sum of three hundred dollars, . . and said judgment shall be a special lien upon the premises and the furniture and fixtures therein, complained of. . . Said judgment shall issue in the name of the State, and be enforced as other judgments in this State. Provided, that the lien of the judgment herein provided for upon said

property, real and personal, used for the purpose of maintaining said nuisance, shall not relieve the person or building from any of the other penalties provided by law." All sums of money arising from the enforcement of the judgment shall be paid into the treasury of the county in which the judgment is rendered, and become a part of the general funds of such county.

Since 1913 statutes declaring bawdy houses to be public nuisances and abatable as such in equity have been passed in thirty-eight States, including Georgia. Ala. Laws 1919, No. 53; Ariz. Rev. St. 1913, § 4340; Cal. Gen. Laws 1915, No. 2798; Colo. Laws 1915, c. 123; Conn. Gen. Stat. 1918, § 2705; D. C. (1913), 38 Stat. 280; Ga. Laws 1917, p. 177; Idaho Comp. Stat. 1919, § 7042; Ill. Laws 1915, p. 371; Ind. Ann. Stat. 1918, § 293a; Iowa Laws 1915, c. 71; Ky. Stat. 1918, § 3941m; La. Laws 1918, No. 47; Mass. Laws 1914, c. 624; Mich. Comp. Laws 1915, § 7781; Minn. Gen. Stat. 1913, § 8717; Miss. Laws 1918, c. 193; Mont. Laws 1917, c. 95; Neb. Rev. St. 1913, § 8775; N. H. Laws 1919, c. 95; N. J. Laws 1916, p. 315; N. C. Pub. Loc. Laws 1913, c. 761; N. D. Comp. Laws 1913, § 9644; Ohio Laws 1917, p. 514; Or. Laws 1913, c. 274; S. C. Laws 1918, p. 814; S. D. Rev. Code 1919, § 2078; Utah Comp. Laws 1917, § 4275; Va. Laws 1916, c 463; Wash. Rem. 1915 Code, § 946; Wis. Stat. 1917, § 3185b. See also varying provisions in Kans. Gen. Stat. 1915, § 3650; Maine Rev. Stat. 1916, c. 23; Md. Laws 1918, c. 84; N. Y. Laws 1914, c. 365; Pa. Laws 1913, No. 852; Tenn. Laws 1913, 2d Sess., c. 2; Tex. Pen. Code 1916, art. 501. The statutes of the several States do not differ materially one from the other, and the act of the General Assembly of this State, approved August 21, 1917, follows closely similar legislation in the States named above. These statutes have been upheld in the following cases: People ex rel. Bradford v. Barbiere (1917), 33 Cal. App. 770 (166 Pac. 812); People v. Casa County (1917), 35 Cal. App. 194 (169 Pac. 459); People ex rel. Thrasher v. Smith (1916), 275 Ill. 256 (114 N. E. 31, L. R. A. 1917B, 1075); Chase v. Revere House (1918), 232 Mass. 88 (122 N. E. 162); State ex rel. Wilcox v. Ryder (1914), 126 Minn. 95 (147 N. W. 953, 5 A. L. R. 1449); State ex rel. Ford v. Young (1918), 54 Mont. 401 (170 Pac. 947). See State ex rel. English v. Fanning (1914), 97 Neb. 224 (149 N. W. 413); State ex rel.

Kern *v.* Jerome (1914), 80 Wash. 261 (141 Pac. 753); State ex rel. Dow *v.* Nichols (1915), 83 Wash. 676 (145 Pac. 986). It is generally said that the statutes are modeled upon the liquor laws of Iowa *(Iowa Laws 1884, c. 143) — see *Lofton* v. *Collins,* 117 *Ga.* 434 (43 S. E. 708); *Walker* v. *McNelly,* 121 *Ga.* 114 (48 S. E. 718); that they are clearly within the police power, "designed to protect the health and morals rather than to provide a remedy for injury to private property;" that these statutes merely extend the jurisdiction of equity over nuisances; that the jurisdiction of equity over nuisances was established at the time of the adoption of the State constitutions; that the statutes are a proper enlargement of equity jurisdiction, and hence do not violate the right of trial by jury or deny due process of law. Cf. *Mayor etc. of Columbus* v. *Jaques,* 30 *Ga.* 506, *Edison* v. *Ramsey* (before the act of 1917), 146 *Ga.* 767 (92 S. E. 513). The Supreme Court of Minnesota, in State ex rel. Wilcox *v.* Ryder, supra, considered the constitutionality of the Minnesota statute, a statute very similar to ours. The opinion in that case seems to satisfactorily dispose of all questions upon the constitutionality of such legislation, except the objections specially noticed herein. In only one State, so far as we have been able to ascertain, is the injunction and abatement act held to be unconstitutional. We refer to the case of Hedden *v.* Hand, 90 N. J. Eq. 583 (107 Atl. 285, 5 A. L. R. 1463), in which the New Jersey Court of Errors and Appeals so held. The case is well considered. It follows closely the English precedents, and reaches a conclusion contrary to the great weight of American cases.

It is objected that our statute violates the rule that all taxes must be uniform and ad valorem (par. 1, sec. 2, art. 7 of the constitution; Civil Code, § 6553). In State *v.* Ryder, supra, the Supreme Court of Minnesota pointed out that the tax (of $300, as provided in section 8 of the act of 1917) is not a tax upon property, but a tax upon the business or traffic which the legislature saw fit to interpose, not for the purpose of giving countenance to the business, but as a deterrent against engaging therein. Decisions, including a decision of the Supreme Court of the United States, are cited in support of this view. The legislature of this State may impose an occupation tax upon some occupations or businesses, omitting others. *Singer Mfg. Co.* v. *Wright,* 97 *Ga.*

115, 117 (25 S. E. 249, 35 L. R. A. 497). Any classification may be made which is not arbitrary. *Mayor etc. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138). The act therefore is not violative of the constitutional provision invoked, if it be regarded as a tax or as a charge in the nature of penalty. It is objected, however, that section eight of the act, which provides for judgment in the sum of three hundred dollars against the owner of the building knowingly kept or used for the purposes prohibited by the act, or against the furniture and fixtures of the person maintaining the lewd house, and which also provides for the payment of all proceeds arising from the enforcement of such judgment into the treasury of the county in which such judgment is rendered, is in conflict with section six of the act, which declares that the proceeds of the sale of the personal property shall be applied to the payment of the costs of the proceeding, the balance, if any, to be paid to the defendant. It is the duty of the court to reconcile apparently conflicting provisions of the same statute, so as to give effect to both, if this can be done. The court must of course give effect to the legislative intent. In cases of conflicting provisions in the same statute, the provision susceptible of but one meaning will control, if the statute can thereby be rendered harmonious. It would seem that section eight of the act merely provides for an additional judgment of $300, as a tax against the owner of the building knowingly kept or used for the purposes prohibited by the act, or against the property of one by whom the nuisance is maintained. The present proceeding is against the person maintaining the nuisance only, and there is no prayer for judgment in the sum of $300 as provided in the 8th section of the act. Section eight is collateral to the general subject-matter of the act, and, even if void, would not affect the other provisions.

Our conclusion is that the act is not unconstitutional for any of the reasons urged. The petition described the house with sufficient particularity. The judgment overruling the demurrer is

*Affirmed. All the Justices concur.*