HOFFMAN & CROWELL INC. *v.* HARRISON, Comptroller-general, *et al.*

No. 7904.   JANUARY 17, 1931.

*Hendrix & Buchanan,* for plaintiff.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Robert B. Troutman,* and *Robert S. Sams,* for defendant.

HINES, J.   Hoffman & Crowell Inc. brought this suit to enjoin the comptroller-general and the commissioner of revenue of this State, and the tax-collector of Fulton County, from enforcing against it the tax imposed by paragraph 69 of the general tax act of 1927 (Ga. Laws 1927, p. 77) upon "domestic ice machines," upon the grounds that (1) plaintiff does not come within the terms of that act, and (2) the portion of said paragraph which imposes the tax therein levied upon "domestic ice machines" violates paragraph 1 of section 2 of article 7 of the constitution of this State, which requires, among other things, that "All taxation shall be uniform upon the same class of subjects." On the hearing of the application for injunction the plaintiff introduced, in support of its first contention, evidence tending to show that it was engaged in selling machines for electric refrigeration, which are known as Frigidaires; that the principal purpose and use of the machines sold by plaintiff is for maintaining a cool temperature in the cabinet of such machines for the preservation of food; that the plaintiff sells a machine which is designed and sold for use in homes for refrigeration, in which it is possible to reduce temperature in the cabinet so as to make six pounds of ice in small cubes from a pan of water placed immediately under the refrigerating coil; that this machine is not designed principally for the making of ice, but for refrigeration; that the making of ice is a mere incident to the operation of the Frigidaire, and is not its chief purpose; that there are a large number of ice machines known as such, made by different companies and sold in this State for the manufacture of ice, some of which are capable of making from one and one half to several hundred tons of ice per day; that the Frigidaire Corpora-

tion, which manufactures Frigidaires, makes also some types of ice-making machines which could be called domestic ice-machines for the reason that they are constructed for home use, one being a machine which makes sixty pounds of ice in small cubes; that this company also makes a hundred-pound-cube ice machine which is designed solely for the purpose of making ice; that this company also manufactures a bulk ice machine for use in homes, which has a capacity of three hundred pounds of ice during twenty-four hours; that these machines are designed solely for the purpose of making ice in small quantities such as might be required for domestic consumption; and that the ice machines above referred to are made and sold for domestic use.

On behalf of the defendants, the comptroller-general deposed by affidavit that he construed the expression "domestic ice machines," as used in the above paragraph of the general tax act of 1927, as meaning any of those mechanical devices for refrigeration and the making of ice which are made for household or domestic use, and intended to take the place of the "ice-box" refrigerator which uses artificial ice manufactured outside of the house to preserve the contents of the refrigerator, and that manufacturers, wholesalers, and retailers of machines of the same general nature as those sold by the plaintiff have been paying the tax imposed by said paragraph, without protest. Another witness deposed that he is a consulting refrigerating engineer; that he has been engaged in this capacity since 1907; that he is the writer of papers and text-books on the science of refrigeration and ice-making; that he is an instructor in the Georgia School of Technology of applied science on the subject of refrigeration; that he is familiar with the terms used in the field of refrigeration and ice-making; that the expression, "domestic ice machines," as used in this paragraph of the general tax act of 1927, included, in his opinion, he being familiar with the terms used in his profession, any of those mechanical devices for refrigeration and the making of ice for household and domestic use to take the place of the "ice-box" refrigerator which uses artificial ice manufactured outside of the home to preserve the contents of the refrigerator; that the word "domestic" applies to those refrigerators used for household purposes; and that the expression "ice machine" would be regarded by anyone in his profession as meaning a machine for refrigerating purposes which takes the place of ice, and when operated manufactures a small quantity of ice.

The judge declined to grant a temporary injunction restraining the defendants from enforcing this tax against the plaintiff; and the plaintiff excepted.

■ Are refrigerators or Frigidaires, constructed for domestic use in the preservation of perishable products and for making ice, ice machines within the meaning of paragraph 69 of section 2 of the general tax act of 1927 (Acts 1927, p. 77)? It is insisted by the plaintiff that there are ice machines made exclusively for making ice; that it was the intention of the legislature to impose this tax upon such machines alone, that some electrical refrigerators are made chiefly for maintaining in their cabinets a low temperature for the preservation of foods and like products, and incidentally for making small amounts of ice; that a large number of Frigidaires are not designed to make ice at all; and that as plaintiff is engaged in selling electrical refrigerators made chiefly for producing low temperatures in cabinets for the preservation of the contents, it does not come within the scope of this tax act and is not liable for this tax. What is a domestic ice machine within the meaning of this law? It must be intended for making ice, and must be used in one's house or home, by one's family or household. Refrigerators or Frigidaires are of two classes. One is operated by electricity and the other by gas. "Machines of either of the above classes are very commonly called *ice machines,* and are so styled in the classifications of inventions in both the United States and British patent-offices, whether designed for the manufacture of ice, for merely cooling substances in insulated spaces or refrigerators, or for both these purposes." 8 Century Dic. & Cyc. 5040, passim. The tax imposed by this act is upon all domestic ice machines. We have seen that refrigerators or Frigidaires are very commonly called ice machines, and that this is so whether they are designed solely for the manufacture of ice, for merely cooling substances in cabinets, or for both these purposes. It can well be presumed that the legislature used the term, "ice machines," in this common acceptation, and that it intended to impose this tax upon all ice machines, including refrigerators or Frigidaires designed for the making of ice alone, or merely for cooling substances in insulated cabinets, or for both of these purposes. So we are of the opinion that all ice machines, including refrigerators or Frigidaires, whether made only for one of the above purposes, or for the dual purposes

above stated, fall within the scope of this act, and that a dealer engaged in selling the same is liable to the tax imposed by this act.

■ It is next insisted that paragraph 69 of section 2 of the general tax act of 1927 is unconstitutional and void, because it violates par. 1 of sec. 2 of art. 7 of the constitution of this State, which provides that "All taxation shall be uniform upon the same class of subjects." It is urged that the classification of domestic ice machines for taxation is unreasonable, arbitrary, and not uniform upon the same class of subjects, because it imposes this tax only upon dealers in domestic ice machines, and not upon dealers in foreign ice machines or on other ice machines; and upon the further ground that such classification is unreasonable, arbitrary, and not uniform, because it does not tax dealers in ice machines generally. We do not think that paragraph 69 of the tax act violates this provision of the State constitution. This act does not impose this tax only on dealers in domestic ice machines, and does not exempt dealers in foreign ice machines. The term, "domestic," as used in this paragraph, was not intended to designate a class of dealers in ice machines, but was intended to designate the purpose for which ice machines are used. The purpose of this act is to impose this tax upon dealers in all ice machines intended for domestic use, whether such machines are manufactured in this State or country or elsewhere. This brings us to consider whether it is competent for the legislature to make a class of dealers composed alone of those dealing in domestic ice machines, excluding dealers in ice machines other than those used for domestic purposes. The power of the legislature to classify for the purpose of imposing occupation taxes is undisputed. The provision of the constitution with which we are dealing clearly recognizes this power of classification. The power to classify necessarily includes the power to subclassify. *Singer Mfg. Co.* v. *Wright,* 97 *Ga.* 114, 117 (25 S. E. 249, 35 L. R. A. 497). It was competent for the legislature to place dealers in ice machines in one class. It could then subdivide this class into wholesale and retail dealers, and put a higher tax upon the former than upon the latter. Cook *v.* Marshall County, 196 U. S. 261 (25 Sup. Ct. 233, 49 L. ed. 471); *Bohler* v. *Schneider,* 49 *Ga.* 195. There is no constitutional reason why the legislature can not make one general class of all persons upon whose occupation it imposes taxation; and if this were done, it would then

be incumbent on the legislature to make its system of taxation, as to such persons, uniform in all essential particulars, so as to operate fairly and equally upon every member of this general class; and this general class might be made to include every person engaged in any sort of business or vocation. The legislature may not make a class so universal. In the first place, many occupations are not taxed at all. In the second place those which are taxed are divided into numerous classes. For instance, the legislature can make a class consisting of wholesale dealers and impose a tax upon all the members of that class. It can likewise make a class of retail dealers and impose a tax upon that class of dealers. As we have seen, it can subclassify.

This court held that a tax imposed by the City of Savannah on the business of common carriers within that city was not illegal or unconstitutional because the tax was graduated according to the number of drays, carriages, wagons, or other vehicles used in such business. *Goodwin* v. *Savannah,* 53 *Ga.* 410. It was held by this court that a tax on the business of drayage, scaled according to the capacity of the drays, whether one-horse or two-horse, was uniform. *Johnston* v. *Macon,* 62 *Ga.* 645. This court held that an ordinance imposing a fixed amount on ice houses, manufacturers or agencies, not employing more than five wagons for selling or delivery purposes, and for each additional wagon above the number of five an additional tax of $10, was not violative of this constitutional provision. *Sawtell* v. *Atlanta,* 138 *Ga.* 687 (75 S. E. 982). This court held that an ordinance imposing a tax of $50 upon each person or firm (farmers selling their own products excepted) retailing fresh or butcher's meat in the city, whether from stalls, stores, or by peddling the same on the street, and which likewise imposed a tax of $25 for each and every wagon used by butchers and bakers in their business, did not offend this constitutional provision. *Davis* v. *Macon,* 64 *Ga.* 128 (37 Am. R. 60). This court held that an act imposing an occupation tax upon dealers in automobiles, graduated according to the population of the county in which the dealer operated, did not violate this provision of our constitution. *Adams Motor Co.* v. *Cler,* 149 *Ga.* 818 (102 S. E. 440). So this provision does not require that the legislature, in making a classification for the purpose of levying an occupation tax, shall put in one class all persons engaged in the same or

similar work, business, occupation, or trade. If it did so require, the legislature could not place wholesale dealers in one class and retail dealers in another class, and tax the former and exempt the latter, or put upon the former a higher tax than upon the latter. *Wright* v. *Hirsch,* 155 *Ga.* 229 (116 S. E. 795). It is true that the power of the legislature to make classifications of subjects for occupation taxes is not unlimited. The classification must be reasonable, and not unreasonable nor arbitrary. Any classification may be made which is not arbitrary. *Mayor &c. of Savannah* v. *Cooper,* 131 *Ga.* 670 (63 S. E. 138) ; *Williams* v. *State,* 150 *Ga.* 480, 485 (104 S. E. 408). In the first instance, it is for the legislature to judge of the reasonableness of the classification; and finally the courts decide for themselves the reasonableness or unreasonableness of the classification. In doing so the courts decide whether the classification squares with the rule of reason. Billings *v.* Illinois, 188 U. S. 97 (23 Sup. Ct. 272, 47 L. ed. 400). The classification must be based on some difference which bears a just and proper relation to the attempted classification. Applying this rule, it was held that the classification of cigar dealers into city and country dealers was valid and constitutional. *Wright* v. *Hirsch,* supra. So a classification which imposed a tax upon butchers and retailers of meat, but exempted farmers from its operation, was held constitutional. *Davis* v. *Macon,* supra. The difference in the uses to which ice machines are put would authorize the including of some of such machines in a classification and the rejection of others of such machines therefrom. So we are of the opinion that it was not unreasonable or arbitrary for the legislature to create a class of all dealers in domestic ice machines, and impose upon the members of such class an occupation tax, and that the same was not unconstitutional because it exempted dealers in ice machines when the same were not used for domestic purposes.

*Judgment affirmed. All the Justices concur.*