REQUESTED BY: Dear Senator Carsten:
You have asked certain questions in regard to LB 285, 86th Legislature, First Session 1979. You state that you are attempting take action on this bill which would delete provisions (1)(a) and (1)(b) of LB 1, 85th Legislature, First Special Session 1978.
In your first question you asked: `As used in LB 1, 1978 Special Session, what is an ad valorem tax?' As you correctly point out, LB 1 places a seven percent limitation upon that portion of the budget funded by ad valorem taxation of political subdivisions. Section 1(3) in part defines the portion of the budget limited in the following terms:
 "For the purposes of this section, the term budget funded by ad valorem taxes shall include all funds the source of which is an ad valorem tax regardless of the purpose of such funds. . . ."
While the Nebraska Supreme Court has never engaged in an extended discussion of the meaning of the term ad valorem taxation, they have in State ex rel. Meyer v. Story,173 Neb. 741, 114 N.W.2d 769 (1962), stated:
 "The phrase `ad valorem' means literally `according to the value,' and is used in taxation to designate an assessment of taxes against property at a certain rate upon its value. . . ."
They cite cases from Arizona and Texas for this quote. In Powell v. Gleason, 50 Ariz. 542, 74 P.2d 47, (1937), the Supreme Court of Arizona in part said:
 ". . . Taxes fall into many different classes, and the tests as to their validity frequently differ in accordance with their nature. The three principal forms now in use are ad valorem property, excise, and income taxes. The `ad valorem' means, literally, `according to the value,' and is used in taxation to designate an assessment of taxes against property at a certain rate upon its value. Webster's New International Dictionary. An ad valorem property tax is invariably based upon ownership of property, and is payable regardless of whether it be used or not, although of course the value may vary in accordance with such factor. It is neither intended nor expected that it be passed on, though under some circumstances, as with rental property, this may be done. . . . An excise tax, on the other hand, is a direct tax laid on merchandise or commodities, which is generally meant to be passed on to the consumer. It may or may not have an ad valorem factor therein. . . . Income taxes are precisely what the name signifies; taxes based on income in money, gross or net. . . ."
With this basis it can be said that an ad valorem tax is one imposed according to value, what is commonly referred to in Nebraska as a property tax. A tax imposed upon real or personal property based on the value of that property.
In your second question you ask `are receipts from the following sources to be considered as receipts from an ad valorem tax?' You thereafter list seven separate items from which tax receipts flow to political subdivisions.
The first tax to which you refer is that imposed upon real property. Real property tax is a tax imposed upon the valuation of the property made for the purposes of imposing a tax. The valuation made is to be actual value. Tax on real property is ad valorem tax.
The second tax you identify is the personal property tax. Under the statutes, personal property returns are filed by taxpayers which state the value of the property subject to taxation. The tax is then imposed based upon those values. The property may be of any sort, income producing, nonincome producing, or of some other nature. Irrespective of the nature of the property the tax is based upon the value of the property. The tax that is imposed according to the value of the property.
Your next cite, taxes imposed upon motor vehicles. Section 77-1238, et seq., R.R.S. 1943, as amended, set out the method by which taxes are imposed upon motor vehicles. In section 77-1238(4) if is stated:
 "Motor vehicle tax shall mean a tax imposed upon motor vehicles in lieu of an ad valorem tax;"
Subsequently in section 77-1239, R.S.Supp., 1978, the following language appears:
 "(1) The Tax Commissioner shall prepare a schedule of actual values upon the several types of motor vehicles already manufactured or being manufactured, . . . in accordance with section 77-201."
Under the scheme provided these values are reported to the county treasurer who then applies the appropriate mill levy to each of the motor vehicles. In section 77-1240.01, R.R.S. 1943, in part it is provided:
 ". . ., which motor vehicle tax shall be in lieu of all ad valorem taxes to which such motor vehicles would otherwise be subject. . . ."
Thus we have an anomaly, the tax is to be in lieu of ad valorem taxes, yet is a tax imposed according to value. The method used is to establish the actual value of a class of motor vehicles and return that value to the counties. The counties then apply that value to all motor vehicles of the same class regardless of the actual value of any particular vehicle. The tax is according to the average value of the class. It may be that the method selected is simply a variation upon the ad valorem system or a different system. The individual vehicle may have a value greater or lesser than the value upon which the tax is imposed. Thus to an extent the tax is not on the basis of value. It is probably safer to assume that the motor vehicle tax is an ad valorem tax, since it does not easily fit into other categories. Although the Legislature has stated the tax is in lieu of an ad valorem tax, the legislative statement of the nature of a tax will not control over the actual nature of the tax.State ex rel., McGuire v. MacFarland, 104 Neb. 42,175 N.W. 663.
The next tax to which you refer is the Local Option (city) sales tax. The authorities generally agree that a sales tax is not an ad valorem or property tax, but rather is an excise tax. An excise tax can generally be said to be one that is layed upon the manufacture, sale or consumption of commodities, on licenses or occupations, or occupations or corporate privileges. The sales tax is not an ad valorem tax.
Finally, you identify three funds made up of state revenues which are intended to reimburse local subdivisions for revenue lost because of exemptions provided by the Legislature or as an aid in support of local subdivisions. These are: Personal Property Tax Relief Fund, the Homestead Exemption Replacement Fund, and State Aid to Schools. Each of the replacement funds are raised through the general revenues of the state. No part of the revenues is derived from an ad valorem tax. Payments are made to governmental subdivisions on the basis of the amount of revenue forgone or other factors. See section 77-202.22, R.R.S. 1943, and section 77-202.30, R.S.Supp. (1978). For purposes of state aid to schools, see section 79-1330 et seq., R.R.S. 1943.
As it relates to LB 1, it is important to determine whether these three classes of income to local subdivisions are in the nature of an ad valorem taxation. If they are in the nature of ad valorem taxation, they would be subject to the limitation provided under LB 1, exclusive of sections 1(a) and (b), and if not, they would not be subject to that limitation.
The personal property and homestead exemption payments made to counties are based upon the amount of revenue the county would have received had the property exempted by the legislative action been subject to property taxation. The money is raised through the general sales and income tax as well as all other income that goes to make up the general fund of the State of Nebraska. No property tax is levied to raise the money the state returns to the subdivisions. The only purpose of determining the valuation of the property upon which the tax would have been placed is to set up a system for proration of the payments among the subdivisions. For this reason, we feel it cannot be said that an ad valorem basis exists for this taxation. Thus, these funds would not be subject to the limitations provided for in LB 1.
With respect to the school aid sections, a somewhat more complicated system exists. However, the nature of the money from which the payments are made, is based upon primarily sales and income tax revenues and not other revenues. Although the distribution formula takes into account property valuations of the school districts, those valuations are relevant only for purposes of the division of the funds appropriated by the Legislature. The actual source of the revenues is not ad valorem, thus they are outside of the limitations provided by LB 1.