STATE, Appellant, vs. LAABS and others, Respondents.

*April 9—June 1, 1920.*

*Health: Police power of state: Abatement of nuisances: Expense of removal: Liability of owner and occupant of lands under land contract.*

1. It is within the police power of the state, through the state board of health, to exercise the governmental function of protecting health by abating and removing nuisances.
2. It is within the legislative function, in the exercise of the police power of the state, to provide that a menace to the public health in the nature of a nuisance on lands must be removed, and such duty may be imposed upon the owner, the occupant, and the person creating and maintaining the nuisance; and in case of their failure, after notice, to remove it, they or any of them may be made liable to the state for the expenses incurred in removing it.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

The state brought this action to recover $1,260.50 expended by it in the abatement and removal of a nuisance, which nuisance was removed by the Wisconsin state board of health from the premises of these defendants after an order had been issued by the board to the defendants demanding the removal of the nuisance and upon their failure to do so. *Robert Liebenow* was the vendor and *William Laabs* the vendee of the premises in question under a land contract. The fee was in *Robert Liebenow,* possession in the vendee, *William Laabs.*

The case was tried before the court, which held that the vendee, *William Laabs,* was liable and that his interest in the land was subject to a lien in favor of the plaintiff for the expense of removal of the nuisance, and that said lien was subsequent to the* interest of the defendant *Robert Liebenow,* vendor under the land contract. The court dismissed the action against the defendants *Robert Liebenow, Marie Liebenow,* and *Clara Laabs* upon the merits. Plaintiff appeals from this judgment.

For the appellant there was a brief by the *Attorney General* and *J. F. Baker,* assistant attorney general, and oral argument by *Mr. Baker.*

For the respondents *Robert* and *Marie Liebenow* there was a brief by *Thompson, Myers & Kearney* of Racine, and oral argument by *W. D. Thompson.*

SIEBECKER, J.    The state board of health has the general supervision of the health of the citizens of the state and is granted all powers necessary to provide for the protection of the health of the public and to order what is reasonably necessary to be done for the prevention and suppression of disease and to condemn and abate conditions causative of disease.    Sec. 1407a—6, Stats.    Sub. 11 of this section provides:

"If the owner or occupant of any premises whereon any nuisance detrimental to the public health exists, fails to comply with any order of the board for the abatement or removal thereof, any member of the board, their agents or employees may enter upon the premises to which such order relates, and abate or remove such nuisance.    The expense of such abatement or removal shall be paid by the owner or occupant of such premises or by the person who caused, or maintained such nuisance, *and such expense shall be a lien upon the lands* upon which the nuisance was maintained."

As declared in *Lowe v. Conroy,* 120 Wis. 151, 97 N. W. 942:

"The power to summarily abate nuisances was fully recognized and established as a principle of the common law, upon the ground that the requirement of preliminary formal legal proceedings and a judicial trial would result in defeating the beneficial objects sought to be obtained."    *State ex rel. Nowotny v. Milwaukee,* 140 Wis. 38, 121 N. W. 658.

The legislature no doubt recognized this principle and intended to confer such power on the board of health as would enable it to abate and remove all nuisances that are a menace

to the health of the people. It is clearly within the police power of the state to exercise this governmental function. This statute in its terms imposes a liability for the expense of abating or removing such a nuisance on the owner or the occupant of the premises or upon the persons who caused or maintained it, and provides that the expense thereof shall be a lien upon the lands upon which the nuisance existed. The legislative purpose expressed in these words clearly declares in effect that either of the parties mentioned, namely, the owner, the occupant of the lands, and he who caused or maintained this nuisance, shall be liable for the expense of removing it. It is within the legislative function, in the exercise of the police power, to provide that a menace to the public health in the nature of a nuisance on lands must be removed, and such duty may be imposed on the owner, the occupant, and he who creates and maintains it, and that in case of their failure, after notice, to remove it, they or any one of them shall be liable to the state for the expense incurred in removing it. The state may, in its power of police regulation, adopt such measures as are reasonable for the protection of the people's health and remove the causes that menace it, and, as an incident to the execution of this governmental function, make the person who creates, maintains, or permits it to exist liable for the expense. *Balch v. Glenn,* 85 Kan. 735, 119 Pac. 67; *Bangor v. Rowe,* 57 Me. 436; *People v. Casa Co.* 35 Cal. App. 194, 169 Pac. 454.

The trial court held that the interest of the vendee in possession of the land could only be subjected to the lien provided by the statute, and dismissed the claim of the state against the vendor, *Liebenow.* We think the principle declared in *Chicago, M. & St. P. R. Co. v. Janesville,* 137 Wis. 7, 118 N. W. 182, controlling in this case. It is there said:

"A defective sidewalk is a menace to the public safety, and its presence in a public street is quite analogous to the presence of a disease-breeding cesspool upon private property, which under well established principles may be re-

moved by the public authorities and the expense thereof charged to the property, if the statute so authorize."

In *Bangor v. Rowe, supra,* it was held that the owner of the land can be made liable for the expense of removing a nuisance created by a tenant over whom he had no control. In *Balch v. Glenn, supra,* it was held that the statutory method of charging the expense for abatement of the nuisance menacing the public health as a lien upon the land upon which it existed was a proper exercise of the police power and did not invade any constitutional rights of the owner. See cases cited in the opinion. The board of health in the instant case acted as the state's agent to perform the important function of protecting the health of the people. The proceedings to abate the nuisance partake of the nature of a proceeding *in rem.* In the interest of the public generally, all private rights must yield to the public right, and the state may, as it has provided by the statute involved here, subject the private interest in property to the burden of paying the expense to keep such property free from conditions menacing the public health. Such an imposition of the expense for abating a nuisance on the land where it exists and making it a lien on all the interest therein, is proper within the police power and invades no constitutional rights of the owners. It is considered that the statute is valid and that the expense incurred is a lien on all the private interest in the land.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with direction to award judgment in accordance with this opinion.

Winslow, C. J., and Kerwin and Owen, JJ., took no part.