MILLER, Appellant, vs. FOSTER, Respondent.

*October 12—November 9, 1943.*

*Charles L. Mullen* of Milwaukee, for the appellant.

*John C. Doerfer,* city attorney of West Allis, for the respondent.

BARLOW, J. Appellant contends that sec. 19.28 of the ordinance violates the "due-process" clauses of the state and federal constitutions, and is void and affords defendant no protection for serving notice on tenants to vacate the premises in question. This section provides as follows:

"Whenever any building or portion thereof is being used or occupied contrary to the provisions of this code, the building inspector shall order such use or occupancy discontinued and

the building or portion thereof vacated by notice served on any person using or causing such use or occupancy to be continued and such person shall vacate such building or portion thereof within ten (10) days after receipt of the notice or make the building or portion thereof comply with the requirements of this code on use and occupancy."

Sec. 62.11 (5), Stats., gives to the city council broad powers to protect the health, safety, and welfare of the public, and provides methods of carrying out the powers, among them the right to impose fines, imprisonment, confiscation, and other necessary and convenient means.

In the instant case, appellant's property was not destroyed—the use of it was prohibited until he complied with the ordinance, and it is undisputed that the alterations made in 1940 violated the provisions of the ordinance although it complied with the ordinance prior to that time.

The purpose of the ordinance is to provide reasonably fireproof buildings for the safety of tenants in multiple-family dwellings. Some method of enforcement of this ordinance is necessary. An injunction on behalf of the municipality is not available for a mere violation of a municipal ordinance, *Waupun v. Moore*, 34 Wis. 450; *Janesville v. Carpenter*, 77 Wis. 288, 46 N.W. 128; *Caeredes v. Platteville* (1933), 213 Wis. 344, 251 N.W. 245, but where property rights are threatened with destruction by a proceeding under a void ordinance or statute, equity will prevent the threatened injury in a proper case. *Benz v. Kremer*, 142 Wis. 1, 125 N.W. 99.

The power to summarily abate nuisances was fully recognized and established as a principle of the common law upon the ground that the requirement of preliminary formal legal proceedings and a judicial trial would result in defeating the beneficial objects sought to be obtained. *Lowe v. Conroy*, 120 Wis. 151, 97 N. W. 942; *State ex rel. Nowotny v. Milwaukee*, 140 Wis. 38, 121 N. W. 658; *State v. Laabs*, 171 Wis. 557, 559, 177 N. W. 916. While the violation in question cannot

be said to be a nuisance *per se,* nevertheless the above reasoning applies.

The rule is uniformly sustained that the inhabitants of a municipal corporation hold their property subject to a reasonable exercise of police power. Thus property may be destroyed to protect the public welfare when such property becomes a nuisance or dangerous to public safety. In *Mugler v. Kansas,* 123 U. S. 623, 669, 8 Sup. Ct. 273, 31 L. Ed. 205, the court said:

"The exercise of the police power by the destruction of property which is itself a public nuisance, or the prohibition of its use in a particular way, whereby its value becomes depreciated, is very different from taking property for public use, or from depriving a person of his property without due process of law."

And in *State v. Laabs, supra,* this court said:

"The state may, in its power of police regulation, adopt such measures as are reasonable for the protection of the people's health, and remove the causes that menace it."

See also *Lisbon Avenue L. Co. v. Lake,* 134 Wis. 470, 113 N. W. 1099.

Building regulations are general throughout the nation to prevent fire and to provide sufficient strength so that the building may be safe for use and occupancy. This is in the interest of public safety. A two-family flat does not require the strength and exits that a twenty-family flat may require, nor does it require the same fireproof construction for the safety of its occupants. Unless the city has authority to remove the menace a dangerous condition may be created in any city, endangering the lives of people and value of property.

The subject matter of the ordinance must come within the police power for the ordinance to be valid, and it must be reasonable. These questions are not seriously attacked by

appellant. The city of West Allis, under its police power, had authority to prohibit the use or occupancy of a building or portion thereof for failure to comply with the requirements of the ordinance where the owner or occupant failed to make the building comply after notice of its violation of provisions of the ordinance.

It is undisputed that the defendant was the building inspector of the city of West Allis, and that his acts were within the scope of his official authority and in the line of his official duty, which relieves him from personal liability.

Other questions raised by appellant were considered but do not merit discussion in this opinion.

*By the Court.*—Judgment affirmed.