Joseph M. BAKER, Plaintiff,

v.

George F. MUELLER, Ben C. Goecks, Edwin R. Grover, Edward W. Pfeifer, (sometimes known as Edward H. Pfeifer), Milton C. Borman, C. R. Dineen, Fred W. Tellier, as individuals, Defendants.

Civ. A. No. 6050.

United States District Court,
E. D. Wisconsin.

Sept. 27, 1954.

Joseph M. Baker, pro se.

Wickert & Fuhrman, Milwaukee, Wis., for defendants.

TEHAN, Chief Judge.

Plaintiff seeks to recover damages from defendants by reason of certain allegedly wrongful and malicious conduct on the part of defendants as officials of the Town of Milwaukee.

On September 28, 1950, the defendants caused to be served upon the plaintiff an order determining that the building owned by the plaintiff "is so old, dilapidated, out of repair, unsafe, unsanitary and otherwise unfit for human occupation, occupancy or use that it is unreasonable to repair the same." The order required the plaintiff to remove the building within twenty days, and provided that in the event he failed to do so, the building inspector of the Town of Milwaukee would proceed to cause the building to be razed and removed pursuant to Section 66.05 of the Wisconsin Statutes.

The plaintiff thereupon commenced an action pursuant to Section 66.05(3) of the Wisconsin Statutes, seeking both a temporary and permanent restraining order against the defendants requiring them not to proceed pursuant to the September 28, 1950 order. While not entirely clear from the record, it does appear that Circuit Court Judge O'Neill issued an ex parte restraining order which order was continued in effect by Circuit Court Judge Sullivan following a hearing at which all parties were present.

The defendants thereafter filed their answer wherein, so plaintiff herein alleges, they admitted that it was not necessary to raze and demolish the building, provided needed repairs were made. Some months later the plaintiff sold the building. Since that time, the case has remained dormant, plaintiff having failed to notice it for trial, and defendants having failed to move for dismissal either on the merits or for want of prosecution.

Some two years later, the plaintiff acting pro se, commenced this action against the defendant town officials in their individual capacity. The lengthy, repetitive, prolix pleadings filed by the plaintiff are of course not in conformity with Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., but in view of the fact that the plaintiff is acting without benefit of counsel, we have waived the technicality, and striven to give them their fairest and most favorable construction. In substance, the plaintiff makes complaint that the town officials "acted in the wrong, maliciously, and wantonly, and in bad faith, in that said defendants posted said demolition notice without cause or justification and that said defendants were wrong in their statements as to the condition of said building and that they were motivated by their desire to get plaintiff's tenants out of the Town of Milwaukee." He alleges that the building was not unsafe, old, dilapidated, or out of repair and was not unfit for human occupancy, as claimed by defendants, and that any repairs needed were of a minor nature.

He further alleges that the posting of the demolition notice on the house was "a badge of inferiority, a warning to

all prospective buyers to beware, a smear on the property and brought the value down in the eyes of all prospective buyers, or of passers-by who might notice the sign." He states further that real estate men refused to list the property, and prospective buyers refused to buy it, and that because of the posting of the notice, plaintiff was forced to sell at a lower price than he could otherwise have obtained, to his damage in the sum of $5,500.

The defendants answered, denying that they at any time acted in bad faith or were actuated by malice and re-affirming the truth of the facts of the condition of the property set out in the notice which commenced the town's demolition proceedings. In addition, the defendants pleaded the following separate defenses:

(1) The complaint fails to state a claim against said defendants upon which relief can be granted;

(2) The pleadings reflect that the above entitled action is barred by the express provisions of Section 66.05, Wisconsin Statutes;

(3) The said defendants are immune from liability under Wisconsin Law because their conduct involved in the above entitled action was in pursuance of their official duties as officers and agents of the Town of Milwaukee; and

(4) That the defendant, C. R. Dineen, acted in a purely ministerial capacity when he signed the notice dated December 28, 1950, a copy of which is annexed to the plaintiff's complaint as Exhibit A.

Heretofore we have disposed of a number of motions brought by the parties, and there is left for disposition only two, the first of which is defendants' motion to strike plaintiff's pleading denominated "Answer to Defendants' Answer and Pleadings".

■ We have carefully considered this pleading and its relation to the complaint and the answer and conclude that it adds nothing of substance to the issues. Ordi-

narily the Court would strike the pleading. Because, however, the plaintiff, a layman, is representing himself, and because there has been no showing that it is prejudicial, the Court will allow the pleading as an amendment to the complaint.

The second and only matter left to resolve is the substantial question of whether the defendants are entitled to a summary judgment dismissing the plaintiff's complaint upon the merits.

Rule 56 of the Federal Rules of Civil Procedure providing for summary judgment, directs that the judgment shall be rendered if the pleadings, depositions and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

■ The question before us then is whether, construing the complaint in the light most favorable to the plaintiff, with all doubts resolved in his favor and the allegations accepted as true, the complaint states a claim upon which relief can be granted.

Applying the aforesaid test of giving the most favorable construction to plaintiff's pleadings, we must therefore assume for the purpose of this motion that the plaintiff is the owner of improved real estate within the Town of Milwaukee; that the defendants are duly elected or appointed, qualified, and acting officials of the Town of Milwaukee; that on the 28th day of September, 1950, they caused a proceeding to be instituted for the razing and demolition of the aforesaid house; that the allegations in said notice as to the condition of the house were false and inspired by malice; that the defendants caused a public notice to be posted upon said property and that the publicity attendant upon such proceeding had a disastrous effect upon the saleability of said property, and that substantial loss ensued.

The foregoing statement of facts includes every material fact that the Court

has been able to discover by a very careful study of the plaintiff's pleadings and briefs, and in the Court's belief they are set forth as favorably as plaintiff could hope to establish in a trial of this action. Under such a set of facts, does the plaintiff have a claim upon which relief can be granted? Put more pointedly, our question is: Is an official of a Wisconsin municipality liable for the consequences of an official act where that official acted in bad faith and with malice and upon false premises?

■ . This being a diversity action, the law of Wisconsin applies. The principle of law as set forth in the case of Wasserman v. Kenosha, 1935, 217 Wis. 223, 258 N.W. 857, after an exhaustive review of previous cases by the Wisconsin Supreme Court, seems to us to be controlling in this case. In the Wasserman case, the plaintiffs had received a building permit authorizing them to proceed with the erection of a building according to plans and specifications which had been approved by the defendant officials and city. Work had been begun and considerable money expended in and about the erection of the building when the building permit was cancelled. The plaintiff brought an action for the damages resulting from the cancellation, alleging that the defendant officials were actuated by their own personal, financial and political interests in revoking the permit, and further alleging a conspiracy of all individual defendants in both their capacity as city officials and for the city, and in their individual capacities for their own private motives and individual advantage. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action and were sustained in both the trial court and upon appeal. In discussing at some length the general policy of the law to protect public officials in the discharge of legislative and quasi-judicial duties, the Court said, 217 Wis. at page 226, 258 N.W. at page 858:

"The policy of protecting officials in the discharge of legislative and quasi judicial duties and while acting within the limits fixed by law is founded on good reasoning and should be adhered to. The rules which are the expression of this policy apply to officials in the performance of duties requiring the exercise of discretion and judgment, and ordinarily the motives which actuate such officials in so acting cannot be inquired into in an action by an individual under a complaint for damages. Such officials, within their jurisdiction, are not liable for damages either for mistake, errors of judgment, or corrupt conduct."

The Wisconsin Court then referred to an observation which it had made in the earlier case of Lindemann v. Kenosha, 206 Wis. 364, 240 N.W. 373, 377, that "an officer is not liable for the revocation of a building permit, unless it is shown that he acted corruptly, dishonestly, maliciously, or in bad faith in so doing", and stated that it did not express the established law in Wisconsin. The Court went on to state, 217 Wis. at page 229, 258 N.W. at page 860:

"The motive of an official exercising discretionary powers in voting for a particular resolution or taking some certain action cannot be inquired into, and he cannot be made personally liable upon an allegation that he acted maliciously toward the one aggrieved. This is the same rule which applies to judicial officers, and it rests upon the same considerations."

The rule laid down in the Wasserman case was re-affirmed in Miller v. Foster, 1943, 244 Wis. 99, 11 N.W.2d 674, 153 A.L.R. 845. In the Miller case, the building inspector of the City of West Allis caused notices to be delivered to four tenants of the plaintiff advising them that their residence owned by Miller, was constructed and occupied contrary to the municipal building code. The notice ordered the tenants to cease occupancy of the premises within ten days. Thereupon, Miller, the owner, commenced an

action against the city building inspector to recover damages, alleging that these notices were given by the defendant wilfully, maliciously, without lawful authority and with intent to wrongfully injure the plaintiff, causing tenants thereafter to refuse to pay rent and remove from the premises without the usual and legal notice required by law, thus causing the plaintiff damage. In addition, an attack was made upon the constitutionality of the ordinance under which the building inspector had acted. The Court said, 244 Wis. at page 104, 11 N.W.2d at page 676:

"It is undisputed that the defendant was the building inspector of the city of West Allis and that his acts were within the scope of his official authority and in the line of his official duty, which relieves him from personal liability."

The Court further held that the ordinance, the purpose of which was to provide reasonably fire-proof buildings for the safety of tenants in multiple family dwellings, was a reasonable exercise of police power and not violative of constitutional rights.

The rule of the Wasserman case on the question of the liability of public officials has been re-affirmed and followed to this day and is clearly a valid defense, available to the defendant public officials in this case.

The powers granted by Section 66.05 of the Wisconsin Statutes to the public officials therein named is substantially in accord with the powers granted by statute to the building inspector in the case of Miller v. Foster, supra. This type of statute has long been held a reasonable exercise of the police powers and not unconstitutional. The defendants' motion for summary judgment must therefore be granted.

Because the conclusion we have heretofore reached is dispositive of this case, it will not be necessary to discuss the other defenses raised by the defendants. Counsel for the defendants will prepare an order in accordance with this Opinion.