**Joseph M. BAKER, Plaintiff-Appellant,**

v.

**George F. MUELLER et al., Defendants-Appellees.**

**No. 11348.**

United States Court of Appeals
Seventh Circuit.

May 4, 1955.

Joseph M. Baker, Chicago, Ill., for appellant.

Lawrence G. Wickert, Harold H. Fuhrman, Milwaukee, Wis., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

From a summary judgment for the defendants, plaintiff appeals. 127 F. Supp. 722.

Plaintiff, as a citizen of the state of Illinois, filed a complaint in the district court against the defendants, citizens of Wisconsin. In substance the complaint charges that the defendants, Mueller, Goecks and Grover, were, at the times mentioned in the complaint, members of the town board of Milwaukee, Wisconsin, and that defendant Pfeifer was then building inspector, defendant Borman was health officer, defendant Dineen was attorney, and defendant Tellier was plumbing inspector, for said town of Milwaukee. It further alleges that plaintiff owned a certain two-family residence and the lot upon which it was built, all located in Milwaukee, and that on September 30, 1950, plaintiff received by registered mail a notice that the town of Milwaukee and the building inspector thereof did determine, pursuant to Section 66.05 of the Wisconsin statutes, that said building was:

"so old, dilapidated, out of repair, unsafe, unsanitary and otherwise unfit for human occupation or use that it is unreasonable to repair the same and further notifying the plaintiff that due to these conditions, the plaintiff, Joseph M. Baker, is required and hereby ordered to raise" (sic) "and remove such building within 20 days from the date of the service of such notice upon him for the reason that in the judgment of the Town Board and the Building Inspector, said building cannot be made safe by repair and it is not suitable to be made usable for living purposes because proper sanitary facilities cannot be installed therein; * * *"

The notice further informed plaintiff that, in the event of his failure or refusal to comply with the order, the building inspector would proceed to cause the building to be razed or removed. The complaint further alleges that a copy of said notice was attached to the front of said house "in full view of the public and of passers-by."

The complaint charges upon information and belief that the issuing of the order by the members of the town board and the building inspector was malicious, wanton, unreasonable and wrong, and that their judgment was faulty; that they were totally and utterly wrong in declaring said building unfit for human occupancy and ordering it to be razed, demolished and removed; that the nailing of the order upon the house caused it to become "a badge of inferiority", the value of the building was "smeared" and all prospective buyers were warned to beware, the value of the house was depreciated, plaintiff suffered pecuniary loss and his private rights were jeopardized. It is charged that he was deprived of his property rights under the 14th amendment to the Constitution of the United States, and the conduct of the defendants constituted malfeasance.

The complaint further alleges that plaintiff secured an injunction or restraining order restraining the members of the town board and the building inspector or others designated by the town board, from demolishing, razing or removing said building.

The complaint alleges that the building was not unsafe or old and dilapidated and out of repair, or unfit for human occupancy, that prospective buyers refused to purchase said premises and real estate men refused to list it. It further alleges that, due to the posting of said notice, plaintiff was forced to sell at a lower price than he could have otherwise obtained. It charges that Borman's neglect to use his authority as health officer to control the actions of plaintiff's tenants constituted nonfeasance. It charges that, by virtue of the foregoing, plaintiff suffered damages in the amount of $5,500, for which he prayed judgment.

Before us plaintiff also contends that § 66.05 is void because it violates the Wisconsin Declaration of Rights in depriving plaintiff of the right of trial by jury.

Defendants contend that they are immune from liability in the instant case because they acted in their official governmental capacity when they caused the demolition notice involved to be posted, and that the pleadings upon their face show that the action is barred by the express provisions of § 66.05, Wisconsin Statutes. They likewise contend that said § 66.05 is a clear exercise of the police power of the state government and it is not therefore repugnant to the 14th amendment to the Constitution of the United States or the Declaration of Rights of the State of Wisconsin.

■ 1. In Wisconsin it is the law that the inhabitants of a municipal corporation hold their property subject to a reasonable exercise of police power, and that property may be destroyed to protect the public welfare when such property becomes a nuisance or dangerous to public safety. Miller v. Foster, 244 Wis. 99, at page 103, 11 N.W.2d 674, at page 676, 153 A.L.R. 845, announces this rule. The court there said:

"In Mugler v. [State of] Kansas, 123 U.S. 623 [669], 8 S.Ct. 273, 301, 31 L.Ed. 205, the court said: '* * * The exercise of the police power by the destruction of property which is itself a public nuisance, or the prohibition of its use in a particular way, whereby its value becomes depreciated, is very different from taking property for public use, or from depriving a person of his property without due process of law. * *' And in State v. Laabs * * * (171 Wis. 557 [559], 177 N.W. [916] 917), this court said: '* * * The state may, in its power of police regulation, adopt such measures as are reasonable for the protection of the people's health, and remove the causes that menace it' ".

In Miller v. Foster, supra, it appeared that the plaintiff owned a two-family dwelling and, without previously obtaining a building permit, altered it to a five-family dwelling. The construction of the building was below the minimum requirements of the ordinance controlling construction of dwellings in the particular fire zone in which the building was located. The defendant, building inspector of West Allis, gave notice to the tenants of the violation and directed them to cease occupancy. The plaintiff sued the building inspector to recover damages for what was alleged to be wilful, malicious conduct. The Supreme Court, in examining the lower court's judgment dismissing the plaintiff's complaint stated:

"It is undisputed that the defendant was the building inspector of the city of West Allis and that his acts were within the scope of his official authority and in the line of his official duty, which relieves him from personal liability."

It is significant that in that case plaintiff alleged that notices delivered by the defendant to plaintiff's tenants were so given "willfully, maliciously, without lawful authority and with intent to wrongfully injure the plaintiff". Similar charges are made in the complaint in the case at bar.

To the same effect is Wasserman v. City of Kenosha, 217 Wis. 223, 258 N.W. 857.

In the case at bar, the defendants acted pursuant to the provisions of § 66.05, Wisconsin Statutes and, since they acted within the scope of their official duty, they are relieved from any personal liability to the plaintiff. This would be true even if the defendants had erroneously determined the plaintiff's house to be a nuisance and had erroneously caused the condemnation notice to be posted.

2. Section 66.05 of the Wisconsin Statutes, under which the defendants proceeded, provides in part as follows:

"Anyone affected by any such order shall within 30 days after service of such order apply to the circuit court for an order restraining the inspector of buildings or other designated officer from razing and removing such building or part thereof or forever be barred. * * The court shall determine whether the order of the inspector of buildings is reasonable, and if found reasonable the court shall dissolve the restraining order, and if found not reasonable the court shall continue the restraining order or modify it as the circumstances require. * * The remedies herein provided shall be exclusive remedies and anyone affected by such an order of the inspector shall not be entitled to recover any damages for the razing and removal of any such building."

Plaintiff pursued his remedy under that act. He procured a temporary injunction, which has had the effect of temporarily preventing the razing or removal of his building. Until the court in that proceeding determines whether the order of the inspector of buildings is reasonable as it pertains to plaintiff's property, it is not judicially known whether the posting of the notice thereon was justified. On oral argument before this court, plaintiff admitted that that case has never been disposed of. It does appear from the complaint that he has sold the property to others since the notice was posted. The court issuing the temporary injunction still has jurisdiction to determine the reasonableness of the action of the defendants in posting the notice, and that proceeding, being a prior action pending, takes precedence over the instant case. It is a bar to this proceeding.

3. The statute above quoted is a clear exercise of the police power of the state. Moreover, it provides for a judicial review of the acts of the public officials involved. It does not violate the 14th amendment to the Constitution of the United States.

4. Also contending that § 66.05 is invalid, plaintiff charges that it deprives him of a right to trial by jury on the cause of action set forth in his complaint, in violation of section 5 of article I of the Wisconsin Declaration of Rights, which reads as follows:

"The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy".

Having held that defendants, as public officials, are immune from suit based upon acts performed in their governmental capacities, it is apparent that plaintiff was not deprived of a jury trial in the case at bar because the case is not maintainable in any event. Actually § 66.05 grants a remedy in the present situation where none otherwise would have existed. The remedy granted is one equitable in its nature. In equity there is no right to trial by jury. Plaintiff's right to a jury trial, as required by the Wisconsin Declaration of Rights, was not, therefore, infringed.

5. In his brief in this court plaintiff contends that the district judge should have disqualified himself to sit in this case. This point was not raised before the district court and comes too late in this court.

For the reasons herein set forth, the judgment of the district court is

Affirmed.