Keith MCKENZIE, Rev. Daniel Vinson, John and Beverly DeMarco, as beneficiaries of Marguette National Bank a/t/u/t 3422, Honeywood Development Corp., Robert Lewis, and Wilburn Richards, on behalf of themselves and others similarly situated, Plaintiffs,

v.

THE CITY OF CHICAGO, a municipal corporation, Richard M. Daley, individually and as Mayor of the City of Chicago, Cherryl Thomas, individually and as Building Commissioner of the City of Chicago, Ron McDermott, individually and head of the Fast Track Demolition Program of the City of Chicago, and John Does 1–20, Defendants.

No. 97 C 284.

United States District Court,
N.D. Illinois,
Eastern Division.

July 31, 1997.

Cathleen M. Combs, Daniel A. Edelman, Michelle Ann Weinberg, Edelman & Combs, Chicago, IL, for Plaintiffs.

Patrick Walter Johnson, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, Michael A. Forti, City of Chicago, Law Dept., Chicago, IL, Kenneth L. Schmetterer, Asst. Corp. Counsel, Litigation Div., Chicago, IL, Peter J. Donoghue, City of Chicago Dept. of Law, Chicago, IL, for City of Chicago, Richard M. Daley, Cherryl Thomas, Ron McDermott.

Patrick Walter Johnson, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, Michael A. Forti, City of Chicago Law Dept., Chicago, IL, Peter J. Donoghue, City of Chicago Dept. of Law, Chicago, IL, for John Does, 1–20.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

In this case, the plaintiffs attack Illinois statute 65 ILCS 5/11–31–1(e) and a Chicago city ordinance enacting that statutory provision, § 13–9–010 (collectively, "the Ordinance"), which permit the demolition of certain residential buildings using summary procedures. Their complaint claims that the Ordinance, both as written and as applied, violates the Due Process clause of the Fourteenth Amendment, and seeks a declaration that the Ordinance is invalid. They also bring several claims arising under state law. The defendants' motion to dismiss the facial challenge to the Ordinance's constitutionality, and also the claims brought against the City under 42 U.S.C. § 1983, is presently before us.

### Relevant Facts

A building may be demolished under the Ordinance if it is "a residential building ... 2 stories or less in height ... and the corporate official designated to be in charge of enforcing the municipality's building code determines that the building is open and vacant and an immediate and continuing hazard to the community in which the building is located." 65 ILCS 511–31–1(e). The Ordinance requires the municipality to provide three forms of notice of its intent to demolish the building: the posting of a sign not less than two feet by two feet on the building; the mailing of letters to all record owners, beneficial owners of land trusts, and lienholders of record, by certified mail, return receipt requested; and the publication for three consecutive days of a notice in the newspaper.

These notices must state that the municipality intends to "demolish, repair, or enclose the building, or remove any garbage, debris, or other hazardous, noxious or unhealthy substances" unless the owner does so himself within 30 days. 65 ILCS 5/11–31–1(e); Chi. Mun. Code § 13–9–010. The Ordinance does not define what is meant by "enclose," nor does it require that a municipality state its specific intent to demolish the building (as opposed to taking any of the other listed actions). The Ordinance does not require the notices to state the specific reasons why the building has been designated as "an immediate and continuing hazard to the community" (such as "roof needs repairing" or "building open and accessible") or list the specific actions that must be taken in order to avoid further municipal action (such as "repair roof" or "board up all openings in building"). Thirty days after the date of the last notice, the municipality may proceed with demolition. Afterward, the municipality may file a lien against the property for costs and expenses related to the demolition. 65 ILCS 5/11–31–1(e); see also Chi. Mun. Code

§ 13–9–010. The municipality may then move to foreclose on the property if necessary to enforce the lien. 65 ILCS 5/11–31–1(a); Chi. Mun. Code § 13–9–010.

The Ordinance provides that "[a] person objecting to the proposed actions of the corporate authorities may file his or her objection in an appropriate form in a court of competent jurisdiction." 65 ILCS 5/11–31–1(e); *see also* Chi. Mun. Code § 13–9–010. Since a municipality may commence demolition 30 days after issuing its three forms of notice, anyone wishing to file an objection apparently must do so within 30 days, although the Ordinance does not say this explicitly. There is no definition or explanation of what is meant by an "objection," what an "appropriate form" for it would be, or what a "court of competent jurisdiction" is, although the Ordinance later states that if "any person has sought a hearing under this subsection before a court and has served a copy of the complaint" on the mayor, the municipality may not proceed with demolition until the court issues an order authorizing it. *Id.* The Ordinance does not require that any of the three forms of notice inform the reader that he or she may seek a hearing by filing such an "objection," or that doing so will prevent any further action until a judicial determination has been reached.

The City carries out the Ordinance through its Fast Track Demolition program. The plaintiffs charge that the City's procedures for administering the program are faulty, and have led to the erroneous and/or unforewarned demolition of several of their properties.

## Legal Standards

In considering a motion to dismiss the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Mosley v. Klincar,* 947 F.2d 1338, 1339 (7th Cir.1991). A motion to dismiss will be denied unless it appears beyond doubt

that the plaintiff can prove no facts that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).[1]

## Analysis

### *Challenge to the Ordinance on its Face*

The City first asks that the plaintiffs' facial challenge to the Ordinance be dismissed because, as a matter of law, the Ordinance is constitutional as written. The test that a facial challenge must meet is demanding. "A facial challenge to a legislative Act is ... the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987). When a statute is reasonably capable of a construction compatible with the Constitution, the courts are required to so construe it. *St. Martin Evangelical Lutheran Church v. South Dakota,* 451 U.S. 772, 780, 101 S.Ct. 2142, 2147, 68 L.Ed.2d 612 (1981). Applying this high standard to the case at bar requires us to construe the statute in a manner that enables it to avoid constitutional defects, and we accordingly dismiss the plaintiffs' facial challenges.

As we have discussed in our earlier opinions in this case, the essence of due process is notice of a deprivation and an opportunity to be heard in order to prevent, if possible, a wrongful deprivation. " 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' " *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972) (quoting *Baldwin v. Hale,* 1 Wall. 223, 233, 17 L.Ed. 531 (1863)). The notice and opportunity for a hearing "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965).

1. In support of its motion to dismiss, the City submitted a copy of the 1994 Uniform Code for the Abatement of Dangerous Buildings. As this submission constitutes matters outside the pleadings, it is not properly considered on a motion to dismiss. Nor has this Uniform Code been adopted as the law of Illinois or the City of Chicago, or approved by our superior courts as meeting relevant constitutional standards, so far as we are aware. Thus, it is not a source of law that is relevant here.

The Ordinance provides for the following notice:

> The notice shall be dated ... and shall state that unless the building is demolished, repaired, or enclosed, and unless any garbage, debris and other hazardous, noxious, or unhealthy substances or materials are removed so that an immediate and continuing hazard to the community no longer exists, then the building may be demolished, repaired, or enclosed, or any garbage, debris and other hazardous, noxious, or unhealthy substances or material may be removed, by the municipality.

65 ILCS 5/11–31–1(e); Chi. Mun. Code § 13–9–010. The procedure for obtaining a hearing is to "file [an] objection in an appropriate form in a court of competent jurisdiction." *Id.*

■ In our previous opinion dated May 5, 1997, we held that nothing in the Ordinance's required manner of providing notice (by posting, by letter and by publication) was unconstitutional on its face. We reaffirm that opinion here. Nevertheless, the content of the notice provided, as specified by the Ordinance, gives us some pause. Most notably, the Ordinance fails to require that the notice alert the owner to his or her right to bring a legal action to prevent the threatened action, and provide information about the procedures for obtaining the hearing. It is elementary that the right to a hearing is meaningless without notice of that right. This is especially true where, as here, time is of the essence in preventing a deprivation of property under the scheme established by the Ordinance. The Ordinance also fails to require that the notice identify with specificity the problems with the building that led to the Building Commissioner's order. The Supreme Court has noted that, in defending less tangible forms of property such as employment or education, a person is entitled to notice of the precise acts of wrongdoing upon which the deprivation is based. *See, e.g., Gilbert v. Homar,* —— U.S. ——, ——, 117 S.Ct. 1807, 1811, 138 L.Ed.2d 120 (1997) (in order to comply with the dictates of due process, the pretermination process must include notice of the charges and an explanation of the employer's evidence) (citing *Cleve-*land *Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985)); *Goss v. Lopez,* 419 U.S. 565, 582, 95 S.Ct. 729, 740, 42 L.Ed.2d 725 (1975) (before being suspended, a student must be "told what he is accused of doing and what the basis of the accusation is"). In this situation, where the notices required by the Ordinance are likely to be the only notice of impending demolition that a property owner will receive prior to the deprivation, the concern for fairness that underlies procedural due process jurisprudence requires that notice of the precise problems to be remedied in order to stave off demolition be provided to the property owner up front. A building owner could well be confused as to how to comply with the notice's instructions to "demolish, repair, or enclose" the building without some idea of the condition that the City desires to have addressed. In this regard, we note that the Wisconsin statute upheld in *Baker v. Mueller,* 222 F.2d 180 (7th Cir.1955), requires the municipality's order to "specify repairs" that are to be performed. *See* WISC. STAT. ANN. § 66.05(1m)(a) (1996). Likewise, the notice should state exactly what action the City will take if the owner does not comply with the order. A notice that "the building may be demolished, repaired or enclosed, or any garbage, debris, and other hazardous, noxious, or unhealthy substances or material may be removed," 65 ILCS 5/11–31–1(e); Chi. Mun. Code § 13–9–010, does not adequately inform the property owner that the City intends to demolish the building, if that is in fact what the City intends to do.

■ While these flaws in the Ordinance raise substantial questions about its constitutionality, we are reluctant to strike it down on the basis of what are essentially sins of omission. Normally, "[a]n act will not be held invalid merely because it might have been more detailed in its provisions." *Whitfield v. Simpson,* 312 F.Supp. 889, 897 (E.D.Ill.1970). Rather, a court must construe a statute as compatible with the Constitution if it is reasonably possible to do so. *St. Martin Evangelical Lutheran Church v. South Dakota,* 451 U.S. 772, 780, 101 S.Ct. 2142, 2147, 68 L.Ed.2d 612 (1981). Here, that dictate requires us to construe the Ordi-

nance as containing implicit requirements that correct the above shortcomings in the content of the notice provided—i.e., requirements that the notices inform the recipient of the specific conditions that must be remedied, and the specific action(s) that the City intends to take if the conditions are not remedied and advise the recipient of his or her right to a hearing, and the procedures for obtaining that hearing. These requirements are fully compatible with the language and structure of the Ordinance, and render it constitutional. See *United States v. X-Citement Video, Inc.,* 513 U.S. 64, 78, 115 S.Ct. 464, 472, 130 L.Ed.2d 372 (1994) (when discrete aspects of a statute "raise serious constitutional doubts," courts must "read the statute to eliminate those doubts so long as such a reading is not plainly contrary to the intent" of the legislature). Because we hold that the Ordinance must be interpreted so as to conform to the requirements of due process, we hold that it is not facially unconstitutional.

There is one other possible defect that this court has previously noted, relating to the procedural due process requirement that an opportunity for a hearing must be provided. That is the Ordinance's requirement that, in order to obtain any review of the City's determination that a property is eligible for summary demolition, a property owner must "file his or her objection in an appropriate form in a court of competent jurisdiction." 65 ILCS 5/11–31–1(e). We commented that this procedure can place an onerous burden on a property owner to: (1) figure out what an "objection" is, and where to file it; (2) obtain a lawyer who can file such an unspecified "objection" or else assemble it on his or her own; (3) file it, either paying the $220.00 filing fee or navigating the sometimes lengthy fee waiver process: and (4) serve the complaint on the Mayor, all within 30 days of the initial notice.[2] The persuasive authority of *McClendon v. Rosetti,* 460 F.2d 111 (2d Cir.1972), *after remand,* 369 F.Supp. 1391

(S.D.N.Y.1974) suggests that such a procedure might unduly burden the right to a hearing, thereby violating the strictures of the Fourteenth Amendment.

■ In evaluating this argument, however, we are bound by precedent that prevents us from declaring a statute unconstitutional unless it is incapable of any valid application. *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2099–2100, 95 L.Ed.2d 697 (1987). Courts have often gone to great lengths to uphold a statute when there was even one set of circumstances in which it might be constitutional. *See, e.g., Chemical Waste Management, Inc. v. United States Environmental Protection Agency,* 56 F.3d 1434, 1437 (D.C.Cir.1995) (finding a regulation with serious and obvious problems not facially unconstitutional because those problems might not arise in one narrow set of circumstances). Because there are situations in which the hearing procedure established by the Ordinance might not unduly burden an individual's ability to exercise the right to that hearing—such as if the property owner were legally sophisticated, or had sufficient resources that the filing fee was not a deterrent, or if the property owner did not want a hearing at all—we find that the above flaws in the hearing procedure do not render the Ordinance unconstitutional on its face. Thus, we grant the City's motion to dismiss those portions of Counts I and V related to the plaintiffs' facial challenge to the Ordinance.

*Municipal Liability Under § 1983*

■ Having won its argument that the Ordinance is not facially unconstitutional, the City now argues that the plaintiffs have not stated a claim against it under 42 U.S.C. § 1983, because they have not alleged an unconstitutional municipal policy or practice. This argument rests on the principle, first stated in *Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978), that municipal liability for acts of the municipality's agents

**2.** The burden on the property owner would be increased if he or she bore the burden of proof in the objection proceeding. The Ordinance is silent on the issue of which party bears the burden of proof in objection proceedings. Where it is the *City* who brings an action seeking an order of

demolition, as in cases under 65 ILCS 5/11–31–1(a), the burden of proof is on the City to show that demolition is warranted. We construe subsection (c) as including the same burden of proof.

cannot he established unless the agents were acting pursuant to a policy or custom that can fairly be laid at the municipality's door. Thus, in order to state a valid claim, the plaintiffs must allege that the City had "(1) an express policy that, when enforced, cause[d] a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, [was] so permanent and well settled as to constitute a custom or usage with the force of law; or (3) . . . that the constitutional injury was caused by a person with final policymaking authority." *McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir.1995) (internal quotations omitted).

■ The City argues that, because the Ordinance is not facially unconstitutional, it cannot be liable under § 1983 for implementing the Ordinance. This argument misses the obvious fact that the plaintiffs' as-applied challenge is still alive and well. Multiple City officials have testified to the existence and content of the formal City procedures used to implement the Ordinance—i.e., the City's Fast Track Demolition program. There can be no doubt that these Fast Track procedures, which the City allegedly uses to demolish 1,000 buildings every year, constitute a municipal policy or practice. *Cf Board of County Comm'rs v. Brown,* —— U.S. ——, ——, 117 S.Ct. 1382, 1389, 137 L.Ed.2d 626 (1997) (§ 1983 claims based on a single municipal action may present problems of proof). While the Ordinance may not be invalid in and of itself, it is certainly possible that the standard procedures the City uses to implement the Ordinance may violate due process. The plaintiffs allege that they do. Thus, the claims against the City cannot be dismissed at this time.

### Conclusion

The defendants' motion for partial dismissal of the amended complaint is granted in part and denied in part. The motion is granted insofar as it sought the dismissal of those portions of Counts I and V related to a challenge to the Ordinance as written. The Ordinance is constitutional on its face, subject to the construction we have placed upon the Ordinance. The remainder of the motion to dismiss is denied.